LEWIS LAYMAN

v.

MATTHEW C. WILLARD ET AL.

STATEMENT.—A mortgage was given upon an entire tract of land, and the land subsequently sold in parcels to different purchasers, one of whom paid the purchase money in full, and went into actual possession, and made improvements thereon.   Immediately prior to the last payment being made, the holder of the mortgage note released the original mortgage upon the whole tract, and took in lieu thereof separate trust deeds upon the several parcels for amounts aggregating the original indebtedness.

2.  MORTGAGE—POSSESSION AS NOTICE.—Held, that the appellant's possession was notice to the mortgagee of his rights in the portion purchased by him; that the balance of the purchase money having been paid before the

last trust deed was recorded, and without notice to appellant of its existence, the rights of appellant were superior to those of the trustee under the new trust deed; and although the releasing of the first mortgage and execution of the second trust deeds may have the effect of continuing the original lien, yet it did not change appellant's right to require that land subsequently sold should be primarily charged with payment of the mortgage debt before his land could be taken.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed September 17, 1880.

Mr. FRANCIS M. WRIGHT, for appellant; that a vendor's lien is not assignable, cited Elder v. Jones, 85 Ill. 387; Richards v. Leaming, 27 Ill. 431; Keith v. Horner, 32 Ill. 524.

The interest of the mortgagee is a mere chattel interest: Medley v. Elliott, 62 Ill. 532; Fitch v. Pinckard, 4 Scam. 69; Delano v. Bennett, 90 Ill. 533.

Possession and occupancy of the land was notice of appellant's rights: Doolittle v. Cook, 75 Ill. 354; Brown v. Gaffney 28 Ill. 150.

The land subsequently sold should be held primarily for the mortgage debt: Iglehart v. Crane, 42 Ill. 261: Lock v. Fulford, 52 Ill. 166.

As to the effect of releasing the mortgage upon any land remaining unsold, where the mortgagor has sold a part: Hawhe v. Snydaker, 86 Ill. 206.

Messrs. DAVIS & THOMPSON, for appellees; that the contract between the mortgagor stipulated only for a warranty deed, and that having been given, there was a full performance, however defective the title of appellant may be, cited Tenny v. Ashley, 15 Pick. 546; Parker v. Parmalee, 20 Johns. 130; Hall v. Hobert, 16 Me. 164; Gazley v. Price, 16 Johns. 268; Clark v. Lyons, 25 Ill. 105; Tharm v. Fickem, 2 Rich. 261; Brethaupt v. Thurmond, 3 Rich. 216; Tremain v. Lyming, Wright, 644; Lloyd v. Farrell, 48 Penn. 73; Jones v. Wood, 16 Pa. St. 25; Williams v. Hathaway, 16 Pick. 488; 2 Sugden on Vendors, 549.

Layman v. Willard. °

Appellant's remedy is at law: 1 Sugden on Vendors, 251; Ohling v. Luitjens, 32 Ill. 23; Woodford v. Leavenworth, 14 Ind. 314.

Where a bill in equity shows that there is a complete remedy at law, it should be dismissed: State Bank v. Stanton, 2 Gilm. 352; Ross v. Buchanan, 13 Ill. 55.

There should have been an allegation in the bill that the vendor had such an interest in the land as entitled him to convey it to appellant: 1 Daniell's Ch. 637; Gallatin v. Cunningham, 8 Cow. 361; Souzer v. DeMeyer, 2 Paige, 574; Jewett v. Palmer, 7 J. C. R. 65; Griffith v. Griffith, 1 Hoff. Ch. 153.

The contract should have been recorded if appellant would give notice of his rights: Rev. Stat. 277; Bishop v. Newton, 20 Ill. 175; Reed v. Kemp, 16 Ill. 445; McCormick v. Evans, 33 Ill. 327; Doyle v. Teas, 4 Scam. 202.

Possession by appellant was no notice to the mortgagee of his rights: Williams v. Forbes, 47 Ill. 148; Myers v. Manny, 63 Ill. 211; N. Y. Life Ins. Co. v. Cutler, 3 Sandf. ch. 176; Dean v. Comstock, 32 Ill. 173.

At the time of making the contract the first trust deed was on record, and appellant contracted at his peril. It was his duty to examine the record: 2 Sugden on Vendors, 551; Roswell v. Vaughan, 2 Cro. 196; Lysney v. Selby, 2 Ld. Raym'd. 1118; Goodtitle v. Morgan, 1 Tenn. 755; Anon. 2 Freem. 106; Hitchcock v. Giddings, 4 Price, 135; Patten v. Stewart, 24 Ind. 332; Duke of Beaufort v. Neeld, 12 C. & Fin. 248; Wilde v. Gibson, 1 H. L. Cas. 605; Murray v. Ballou, 1 J. C. R. 565; Morris v. Hogle, 37 Ill. 150; Irish v. Sharp, 89 Ill. 264.

A party who has been guilty of laches, cannot claim the aid of a court of equity: Lloyd v. Karns, 45 Ill. 62; Walker v. Kretsinger, 48 Ill. 502; Kane Co. v. Herrington, 50 Ill. 232.

Appellant had notice of the mortgagee's rights before he purchased, and since: Harper v. Ely, 56 Ill. 179; Doyle v. Teas, 4 Scam. 202; Henneberry v. Morse, 56 Ill. 394; Babcock v. Lisk, 57 Ill. 327; Buchanan v. International Bank, 78 Ill, 500; Slatersy v. Rafferty, 12 Chicago Legal News, 32; Heaton v. Prather, 84 Ill. 330; Hall v. Shannon, 85 Ill. 473; Moshier v. Knox College, 32 Ill. 155; Baldwin v. Sager, 70 Ill. 503.

The change to a trust deed was but a continuation of the original mortgage for purchase money, and did not change the lien: Curtis v. Root, 20 Ill. 521; Christie v. Hale, 46 Ill. 117; Weld v. Rees, 48 Ill. 428; Darst v. Bates, 51 Ill. 439; Shaver v. Williams, 87 Ill. 469.

Subsequent purchasers desiring to protect their interests against a prior mortgagee must give actual notice of their rights: Matteson v. Thomas, 41 Ill. 110; Hawhe v. Snydaker, 86 Ill. 206; Walkins v. Peck, 12 N. H. 360; Brinkerhoff v. Lansing, 4 J. C. R. 64; 2 Sugden on Vendors, 510.

PER CURIAM. This was a bill in chancery filed by appellant, for an injunction to restrain the sale of certain land under power given in a deed of trust.

It appears that on the first of December, 1868, Henry Beardsley and George F. Beardsley purchased of E. C. Davidson about 800 acres of land, embracing the tract in controversy. Davidson conveyed the land to the Beardsleys, and they executed to him their note for $8,200, the purchase money payable in five years from date, with ten per cent. interest per annum, payable half yearly.

To secure the payment of the note, they executed a trust deed to Matthew C. Willard, as trustee for said Davidson, on all the land, and by a previous arrangement between the parties, Mrs. H. Cordelia Willard, the mother of Matthew, paid the money to Davidson, and he assigned the said promissory note to her, and on the fourth day of December, 1868, the trust deed was duly filed for record and recorded.

On the 27th day of January, 1869, George F. and Henry Beardsley sold and conveyed 160 acres of the land to John W. Camp, for $2,720, but the deed was not recorded until 11th of April, 1876.

On the 21st of September, 1870, George F. Beardsley and wife conveyed their interest in the other lands to Henry Beardsley, and on the 23d of the same month appellant purchased of said Beardsley the S. E. qr. of Sec. 15, T. 21, R. 8, E. of said land, for $3,200, and Beardsley then entered into a written contract with appellant to convey the land to him on the

payment of the purchase money.  Of this purchase money appellant paid $1,600, on the day of purchase; $400, on March 23d, 1871, and $1,326.91, August 25th, 1871, in full.  On the 8th of September, 1871, Beardsley conveyed the land so purchased by appellant to him.  Immediately on purchasing the land, appellant took actual possession of it and commenced building a house and barn thereon, and completed his house and moved into it on the 25th of November 1870, and has lived on the land and cultivated it ever since.  His deed was recorded on the 12th of September, 1871.

On the 18th of March, 1871, Matthew C. Willard, at the request of Henry Beardsley, released the trust deed given to secure the $8,200 note, and took new trust deeds from him on the several pieces of land, except the Champ tract, making each piece liable for a certain portion of the money, so that he could more easily sell.  The new trust deeds were executed by Beardsley and wife, to Matthew as trustee for Mrs. Willard, and promissory notes were made by him to accompany the trust deeds.

On the S. E. ¼, Sec. 15, 21, 8, the tract previously sold by Beardsley to appellant, the new trust deed was to secure $1,770. The trust deed on S. E. S. E. 27, 17, 8, was to secure $442.- 50.  That on N. E. 15, 21, 8, was to secure $1,770.  That on S. ½, Sec. 5, 18, 8, was to secure $885.  That on S. W. N. W. 20, 14, was to secure $442,50; and that on N. W. 27, 17, 9, was to secure $1770.  Champ also made a trust deed to Matthew on his 160 acres for $1,120.  These new trust deeds were all recorded on March 21, 1871.

On the 20th of May, 1871, Beardsley conveyed the S. E. S. E. 27, 17, 8, to C. H. Mills, for $600, subject to the trust deed for $442.50.  Also, on the 29th of July, 1871, he conveyed the S. ½ Sec. 5, 18, 8, to Edward Hogan, for $1,280, subject to trust deed for $885.

On November 1st, 1871, he conveyed the S. W. N. W. 17, 20, 14, to Wm. J. Fellows, for $561, subject to the trust deed for $442.50.  On Sept. 19th, 1873, he conveyed the E. ½ N. E. 15, 21, 8, to Martha J. Perry, for $1440.  On the same day he also conveyed the W. ½ N. E. 15, 21, 8, to John T. Ains-

worth, for $1,440, and on the 10th of July, 1874, he conveyed the N. W. 27, 17, 9, to John Russell, for $2,000.

The new trust deed executed by Beardsley on the tract of land which had previously been sold and conveyed by him to appellant, not having been paid by Beardsley, Matthew C. Willard, as trustee, gave public notice that he would sell said land to the highest bidder for cash, and execute to the purchaser a deed for said premises. To restrain the trustee from making the sale this proceeding was commenced and the writ of injunction issued, and on the hearing of the cause, the foregoing facts having been shown, the court below decreed that the trust deed made by Beardsley on the tract of land sold to appellant should stand as security on said land for $1,600, with interest at the rate of ten per cent. from December 1st, 1875. That said trustee should not proceed to realize from the sale of said land more than said sum of $1,600, and interest until payment, and that the injunction be made perpetual as to the amount claimed exceeding said sum of $1,600 and interest. Appellant seeks to reverse this decree by his appeal.

The trustee of Mrs. Willard sought to sell the land in controversy under the trust deed executed by Beardsley on the 18th of March, 1871, to secure the $1,770 note. At the time that trust deed was executed, appellant was the equitable owner of the land, holding it under the sale and bond made to him by Beardsley on the 23d of September, 1870. He had completed the dwelling house which he commenced to build on purchasing the land, and moved into it on the 25th of November, 1870, and was in the actual and full possession of the premises when the rights of Mrs. Willard accrued under the trust deed, under which her trustee sought to sell. It is the well-settled law of this State, that the actual possession of land is sufficient notice to put subsequent purchasers upon inquiry, and operates as legal notice of the rights of the possessor. Lyman v. Russell et al. 45 Ill. 281; Doolittle v. Cooke et al. 75 Ill. 357.

In the last cited case, the facts were somewhat similar to those involved in this case. Cook had been in possession of the land in controversy some time before the 1st day of Janu-

ary, 1864.  On that day he purchased it of Chase, who was till then the owner, for $3,000, of which $100 were paid in hand, and for the balance, notes were given for annual payments of different sums running from one to ten years, with interest. Chase gave to Cook a bond for a conveyance on his complying with the terms of the purchase.  After his purchase, Cook continued in possession of the premises, and made the payments as the notes matured.  He received a deed upon paying the purchase money due, up to the 1st of January 1870. The deed was dated 9th February, of that year, and a mortgage was given back to Chase to secure the unpaid purchase-money.

On the 5th of August, 1868, Chase gave to Mrs. Doolittle a note for $4,000, with interest, and at the same time executed to her a mortgage on the tract of land which had previously been sold by him to Cook, and for which the latter held a bond for a conveyance.  This mortgage was recorded on the 10th of August, 1868.  Cook subsequently paid the notes he had given for the balance of the purchase money, to the person to whom they had been assigned.  It was held, that Cook being in the actual occupancy of the premises, was as fully protected in his purchase, as if his bond had been recorded before, and not after the mortgage.  That he occupied the same relation to the land, and to the parties, as if the mortgagee had been actually notified of the entire facts of the transaction, and that the mortgagee by her mortgage only acquired a lien on the rights of the vendor, and not on the land sold.  It was further held, that the mortgagee as to Cook, was a subsequent purchaser, and the latter was not therefore affected by the recording of the mortgage, given to Mrs. Doolittle, and having no notice, he had the right to pay the balance of the purchase money to the assignee of the notes.

Under these authorities the rights of appellant were superior to those of the trustee of Mrs. Willard, under the $1,770 trust deed, and the trustee, therefore, had no right to attempt to sell the land of appellant under that deed.  It is claimed, however, by the trustee, that the release executed by him to Beardsley of the trust deed, executed to secure the original $8,200 note,

and the execution of the new trust deeds were simultaneous acts, and that at no time after the execution of the first trust deed was the title of the land in Beardsley, so that he could pass any interest in the land to appellant as against the rights of Mrs. Willard, or in other words, that the new trust deed to secure the new note of $1,700 should be treated as a continuation of the lien of the $8,200 trust deed to the extent of the new deed, or at least to the payments made by appellant.

What our conclusion would have been as to the rights of the parties, if in this case the trustee had filed a cross-bill setting up all the facts, and bringing the proper parties before the court, we cannot now determine. We can only say that the trustee, by releasing the original trust deed, and accepting the new deeds, and Beardsley, by his action in the premises, could not without the consent of appellant change or increase the liabilities which were imposed upon him by the original trust deed of $8,200.

Had that trust deed remained unchanged, of course no act of appellant or Beardsley could have impaired the rights of the trustee under it. But if he were now seeking to foreclose or to sell the land under it, he would be governed by the rule firmly established in this State, "that when a mortgagor makes successive sales of distinct parcels of the mortgaged property to different persons, having notice of the prior sales, and the mortgagee afterwards files a bill to foreclose, the different parcels are to be subjected to the payment of the mortgage in the inverse order of their alienation." Iglehart et al. v. Crane & Wesson, 42 Ill. 264; Niles et al. v. Harmon et al. 80 Ill. 396.

Apply this rule to this case and it would be very questionable whether the land of appellant would be burdened with any portion of the balance claimed to be due on the $8,200 trust deed.

The trustee can claim no lien under the $1,770 trust deed to the land conveyed by it, or to the extent of any of the payments made by appellant on his purchase, before or after its execution, because the rights of appellant, under his purchase and possession were superior to those of the trustee under that

deed.  So far as the $1,770 trust deed is concerned, the $1,600 payment was made six months before it was recorded, and the balance of the purchase money was paid shortly afterwards, and without notice of the existence of the new trust deed, as the recording of that instrument did not affect appellant, as the trustee was as to him, a subsequent purchaser, as held in Doolittle v. Cook, et al. *supra*.

The recording of the original $8,200 trust deed was of course notice to appellant of all the rights of Mrs. Willard and her trustee; and the release of the old trust deed, and the execution of the new deeds being simultaneous acts, the knowledge acquired by appellant from the record may have the effect of continuing the lien of the old deed, so that the rights of all the parties would remain unchanged, but it could not have the effect of giving the trustee of the new deed a specific lien on the 160 acres of land, purchased by and conveyed to appellant, so that they could be sold, without reference to the rights which appellant possessed when he purchased his land to require that subsequently purchased land should be primarily charged with the payment of the mortgage debt before his land could be taken.

We think the court erred in not perpetually enjoining the trustee from selling the land of appellant under the new trust deed, and therefore the decree of the court below must be reversed, and the cause remanded.

Reversed and remanded.