HUMPHREY *et al.* v. MOORE *et al.*

1. **Notice: POSSESSION.** Where a purchaser of real estate paid the purchase-money and entered into the possession, but received no deed of conveyance, it was held that a subsequent mortgagee was charged with notice of the rights of such purchaser.

2. —— **JOINT POSSESSION.** Possession by husband and wife charges a subsequent purchaser with notice of the rights of the wife.

*Appeal from Webster District Court.*

SATURDAY, OCTOBER 15.

THE facts are sufficiently stated in the opinion of the court.

*Withrow & Smith* and *Chas. B. Richards* for the appellant.

*John F. Duncombe* for the appellees.

WRIGHT, Ch. J.—Complainant, Frances A. Humphrey, wife of her co-complainant, James A. Humphrey, seeks to obtain title to the south half of block sixteen in Morrison and Duncombe's addition to the town of Fort Dodge, and free it from the lien of a mortgage made by A. J. Humphrey to his co-respondent, Moore. She claims to have bought the property from A. J. Humphrey in 1856, under a verbal contract, and thereunder to have taken possession, made valuable improvements, paying to the vendor the full consideration according to the terms of sale. The mortgage to Moore was made in 1859, conveying the entire block, at which time and prior it appears that complainants were in possession of the south half, with the improvements thereon, made at their own expense, of the value of some $700 to $1,000. Prior to this, also, according to the weight of the testimony, the full consideration had been received by A. J. Humphrey, the complainant's vendor and mortgagor, to Moore. No deed had been executed at the time of this

mortgage, but the consideration was paid, possession taken, and the improvements made in pursuance of and under the said contract of sale.   That complainants would be entitled to a specific performance of the contract, under this state of facts, will hardly be controverted.  Rev., § 4008; Code, § 2411;  *Collins* v. *Vandever, adm.*, 1 Iowa, 573;  *Fair-brother* v. *Shaw et al.*, 4 Id., 570;  *Bryant* v. *Hendricks*, 5 Id., 256;  *Moore* v. *Pierson*, 6 Id., 279.   And that the mortgagee is to be affected by the equities of complainants — they being in possession, and exercising acts of ownership, and it being his duty to inquire into their right — there can be as little doubt.  *Brink* v. *Morton et al.*; 2 Id., 411;  *Butch* v. *Lash*, 4 Id., 215.   That the property was paid for, in whole or in part, by the labor of the wife of James A. Humphrey, is of no sort of importance.   The contest is not between the creditors of her husband and herself, but the creditor of a third party claims a prior right.   As to such creditors, the husband or the wife could employ or invest her labor, or the proceeds thereof, as either or both might prefer.   If the creditors of the husband (James A.) were seeking to subject the property to the payment of his debts, a different question would arise.

1. NOTICE: possession.

As to this creditor, it matters not whether the relief is granted to the wife in her own right, to the husband, or to them jointly.   He has no interest in the question or title, it being once determined that his debtor, A. J. Humphrey, has no right to the property.   And whether the possession was that of the husband or wife, or both, it would be equally effective as notice to the mortgagee. In either contingency, he was put upon inquiry.

2. —— Joint possession.

It seems that Moore had commenced proceedings to foreclose his mortgage, which was pending at the same time with this action.   It was agreed that testimony taken in one case might be used in the other.   They were not

consolidated, however; and with the foreclosure proceedings, therefore, we have nothing to do.

The decree below, while in complainant's favor, is very informal and imperfect. The proper decree will be entered in this court, granting relief in accordance with the prayer of the bill.

Approved.