EDWARD W. JOHNSON, RESPONDENT, *v.* ELIZABETH B. STRONG AND OTHERS, APPELLANTS, IMPLEADED WITH OTHERS, DEFENDANTS.

*Foreclosure of an executory contract to sell real estate — relative rights of assignee of contract, of mortgagee and of judgment-creditor — possession of a third party — how far it is notice to a grantee.*

In October, 1889, W. L. and J. B. Lewis entered into an executory contract for the sale of certain lands with Daniel W. Pierce, who then went into possession of the lands, and so remained until October, 1890, when he abandoned the land and the contract. In June, 1890, the Lewises assigned all their interest in the contract to a bank, and in August of that year gave for value a mortgage upon the same premises to Elizabeth W. Strong.

Mrs. Strong's agent inquired of the Lewises as to the possession of Pierce; was informed of the contract, and that it had been abandoned by Pierce, but not being informed of the assignment of the contract by the Lewises to the bank, supposed the title to be clear.

In October, 1890, the Lewises resumed possession, and thereafter a judgment was recovered against them, which was a lien on all their real estate in the county where the premises in question were situated. Subsequently the bank assigned its rights under the contract to Edward W. Johnson.

In an action by Johnson to foreclose the equity of the vendee under the contract, because of Pierce's failure to perform, it was

*Held*, that the lien of Mrs. Strong was superior to that of the plaintiff.

That the possession of Pierce was only notice of his contract, and of his rights under it, and was not notice of the rights of the bank under its assignment.

That possession in a third party is notice to the grantee of all the rights of the party in possession so far as diligent inquiry suggested by the possession would disclose them.

That there was nothing in the possession of Pierce to suggest that the vendors had assigned the contract, and Pierce did not know the fact.

That the judgment against the Lewises, although recovered before the bank assigned to the plaintiff, was subject to the interest of the bank, which by its assignment passed to the plaintiff.

APPEAL by the defendants, William W. Weston, Orrin Weston, Abijah Weston and Elizabeth B. Strong, from a judgment of the Supreme Court, entered after a trial before a referee in the office of the clerk of the county of Cattaraugus on the 8th day of December, 1891, directing a sale of the premises described in the complaint and a distribution of the proceeds thereof.

The complaint alleged that on the 12th day of October, 1889, the defendants William L. and James B. Lewis made, executed and delivered to the defendant Daniel W. Pierce their written contract, in and by the terms of which they undertook and agreed to sell and convey to the said Pierce a tract or parcel of land situate in the village of Olean, county of Cattaraugus, New York.

Said contract further provided that upon receiving certain payments the said W. L. and J. B. Lewis should execute and deliver to the said Pierce a warranty deed of said premises, they then being the owners thereof, and that the said Pierce should have the possession of said premises. This contract was also executed by Pierce, who entered into the possession of said premises under said contract.

On the 22d day of June, 1890, the said W. L. and J. B. Lewis duly assigned and transferred, in writing, the said contract and all their interests therein, and in and to the premises therein described, to the Exchange National Bank of Olean, N. Y., a corporation duly incorporated under the banking laws of the United States. Such transfer was so made, although absolute on its face, for the

purpose of securing said bank upon and for all promissory notes or other obligations for which the said William L. and James B. Lewis might then be or thereafter become liable for to said bank, and upon all notes made by them or renewals thereof which the said bank then held or might thereafter hold.

Thereafter, and before the commencement of this action, the said bank, for value received, by a written instrument, did assign and transfer to this plaintiff its said interest in said contract and the said lands, and the plaintiff is now the owner and holder thereof. At the time of said transfer to said bank the said bank held divers promissory notes made by the said W. L. and J. B. Lewis, under their firm name of " W. L. Lewis & Bro.," amounting to one thousand dollars or over, and among other notes was one for $225, payable to the order of J. F. Shea, and one for $225, payable to the order of E. W. Johnson, which were from time to time renewed by said bank under the agreement with said Lewises that said contract should be held as security therefor until the 30th day of November, 1890, when they became due and payable, whereupon this plaintiff paid said notes to said bank for the use and benefit of said W. L. and J. B. Lewis, and also agreed to pay said bank a certain note made by said Lewises to the order of Frank B. Page for the sum of seventy-five dollars, and such other notes as the bank might hold which were not paid by the said Lewises. That said seventy-five dollar note has not been paid.

Plaintiff further alleged that the said defendant Pierce has failed to pay the sum of $100 and the interest upon $1,415 for one year, which became due by the terms of said contract on the 12th day of October, 1890, and the same remains due and unpaid upon said contract. That no proceedings have been had at law or otherwise for the collection of the same.

On the trial the defendants offered in evidence the judgment-rolls in the following actions in the Supreme Court, which were filed in the clerk's office of Cattaraugus county and the judgments therein docketed at the time of their recovery : One in an action brought by Benjamin U. Taylor, as plaintiff against William L. Lewis and James B. Lewis, defendants, wherein the said plaintiff recovered a judgment against the said defendants on the 4th day of September, 1890, for the sum of $150.44, damages and costs; another in an

action brought by Rufus L. Wright, as plaintiff against the same defendants, wherein the said plaintiff recovered a judgment against the said defendants on the 25th day of November, 1890, for $123.02, damages and costs; another in an action brought by Jason S. Bishop, as plaintiff against the same defendants, wherein the said plaintiff recovered a judgment against the said defendants on the 27th day of November, 1890, for $175.25; another in an action brought by William A. Wright, as plaintiff against the same defendants, wherein the plaintiff recovered a judgment against the defendants on the 2d day of December, 1890, for the sum of $83.10; another in an action wherein William. W. Weston, Orrin Weston and Abijah Weston were plaintiffs against the same defendants, wherein the plaintiffs recovered of the defendants on the 3d day of December, 1890, a judgment for $139.28, damages and costs; another in an action wherein Fred D. Mucky was plaintiff against the same defendants, wherein the plaintiff recovered a judgment on the 4th day of December, 1890, for $84.41; another in an action wherein Mills W. Barse, De Witt C. Le Fevre, Henry Gale and Wilbur F. Burlingham were plaintiffs against the same defendants, wherein the plaintiffs recovered a judgment against the defendants on the 15th day of December, 1890, for $583.47, damages and costs; another in an action wherein De Witt C. Conklin and William H. Conklin were plaintiffs against the same defendants, wherein the plaintiffs recovered a judgment on the 31st day of December, 1890, for $108.92.

*J. H. Waring*, for the appellants.

*C. S. Cary*, for the respondent.

DWIGHT, P. J.:

The action was by an assignee of the vendors in an executory contract for the sale of lands, to foreclose the equity of redemption of the purchaser for non-payment of the purchase-price. The vendors were the defendants Lewis; the purchaser was the defendant Pierce; and the contract was entered into in October, 1889, at which time Pierce went into possession, and so continued until October, 1890. In June, 1890, the Lewises assigned all their interest in the contract to the Exchange National Bank of Olean. In August, 1890, the Lewises gave to the defendant, Mrs. Strong, a

mortgage on the same premises to secure the payment of money at that time loaned to them by her. Before taking the mortgage, Mrs. Strong, by her agent, making inquiries of her mortgagors in respect to the possession of Pierce, learned of the existence of the contract, but not of its assignment to the bank, and was informed by the Lewises that it had been abandoned by Pierce; and she took her mortgage in the belief that the mortgagors' title was clear of incumbrance. The contract was, in fact, abandoned by Pierce in October, before any rights of the plaintiff had intervened; and no inquiry of Pierce would have elicited information of the assignment of the contract, because he was himself ignorant of the fact. The Lewises resumed possession of the property in October, and have ever since held it by their tenants. Two months later the bank assigned its interest in the contract to the plaintiff, the defendants Weston having in the meantime recovered and docketed a judgment in the proper county against the Lewises.

The facts above stated are taken from the findings of the referee, and upon them he bases a conclusion of law to the effect that the lien of the plaintiff, under his assignment of the contract of sale, is superior to that of Mrs. Strong under her mortgage, as well as to that of the Westons under their judgment.

The former branch of this conclusion was clearly error. It is based, as appears from the opinion of the referee, upon the proposition, not found as a conclusion of law, that the possession of the purchaser in the contract, at the time the mortgage was given, was notice to Mrs. Strong of the existence of the contract not only, but also of its assignment to the bank and of the rights of the bank thereunder. We regard the proposition as entirely untenable. The possession of Pierce was notice of the contract under which he held and of all his rights thereunder. It was not notice of the assignment of the contract, nor of the rights of any party who was not in possession. The rule is that the possession in a third party is notice to the grantee of all the rights of the party in possession, so far as diligent inquiry suggested by such possession would disclose them. There was nothing in the possession by the purchaser in the contract to suggest that the contract had been assigned by the vendors; moreover, the information actually derived by inquiry from the vendors virtually negatived the idea of an assignment by them, and informa-

tion of the assignment could not have been obtained by any inquiry of Pierce.

None of the authorities cited by counsel for either party on this appeal carry the doctrine of constructive notice by possession beyond that stated above. (*Tuttle* v. *Jackson*, 6 Wend., 213; *Paige* v. *Waring*, 76 N. Y., 463; *Moyer* v. *Hinman*, 13 id., 184; *Ellis* v. *Horrman*, 90 id., 466.)

We have no doubt that the lien of the mortgage of Mrs. Strong has precedence to the interest of the assignee of the contract of sale.

On the other hand, the judgment of the Westons, although recovered before the assignment to the plaintiff, was subject to the interest of the plaintiff's assignor, and all that interest passed to the plaintiff by the second assignment.

Upon the evidence as it now stands the judgment might, perhaps, be modified so as to give effect to the equities of all parties; but, as there may be additional evidence on another trial, the judgment should be reversed and a new trial granted.

MACOMBER and LEWIS, JJ., concurred.

Judgment appealed from reversed and a new trial granted, with costs of this appeal to abide the final award of costs.