CASE 102—PETITION EQUITY—MAY 26.

Cooper v. Arnett, &c.

95 603
109 495

APPEAL FROM HOPKINS CIRCUIT COURT.

1. THE LEVY OF AN EXECUTION UPON LAND WHICH HAS BEEN SOLD BY THE DEBTOR in good faith gives the creditor no lien upon the land or upon the unpaid purchase money due by the purchaser, and the purchaser not being restrained, has the right, notwithstanding such a levy, to pay the money to the debtor.

2. WHERE A DEBTOR HAS SOLD HIS HOMESTEAD AND INVESTED THE PROCEEDS IN ANOTHER HOMESTEAD, it is not necessary, in order to entitle him to the exemption of the new homestead, as against a debt created prior to the purchase of the new homestead, but subsequent to the purchase of the original homestead, that he should allege that the sale was made with the intention to reinvest the proceeds in another homestead. It is sufficient that the reinvestment has in fact been made.

3. SAME.—Where a debtor owning land worth more than one thousand dollars, out of which he is entitled to the exemption of a homestead, sells it and invests one thousand dollars of the proceeds in another homestead, applying the surplus to the payment of his debts, he has

Cooper v. Arnett, &c.

the right to the exemption of the new homestead as against debts as to which the original homestead was exempt. Whether he would be entitled to the exemption if, instead of applying the surplus proceeds to the payment of his debts he still retained the money, is a question not presented.

A. T. DUDLEY AND MONTGOMERY MERRITT FOR APPELLANT.

1. The debtor is not entitled to the exemption claimed as he does not allege or prove that when he sold the Henderson land he intended to invest any part of the proceeds in other lands or real estate of any kind.

2. It is only when a housekeeper with his family has had his homestead *specifically* laid off to him, or has a homestead worth not more than one thousand dollars, that he can sell same and reinvest the proceeds in another homestead, or exchange it for another homestead and hold it against pre-existing debts. The law does not exempt one thousand dollars with which a man may purchase a homestead like it exempts a horse or other specific articles of personalty.

The right of homestead can not be raised by implication through the rule of liberal construction. (Little's Guardian v. Woodward, 14 Bush, 587.)

3. The homestead exemption is not an estate in the land, but only a privilege of occupying the same by a housekeeper with a family as against his creditors. (Brame and Wife v. Craig, 12 Bush, 407.)

WADDILL & NUNN AND C. J. WADDILL FOR APPELLEES.

1. The levy and sale, in so far as it attempted to affect the land of Sutton, was void.

2. The debtor is entitled to the homestead exemption claimed, the land having been purchased with proceeds of a homestead which was exempt. The homestead laws should be liberally construed in favor of the debtor. (Thompson, &c., v. Heffner's Ex'or, &c., 11 Bush, 353; Musgrave v. Parish, 10 Ky. Law Rep., 998; Carter Bros. & Co. v. Liles, 5 Ky. Law Rep., 590; Lear, &c., v. Totten, &c., 14 Bush, 101; 81 Ky., 332, 555; 80 Ky., 47; 79 Ky., 528; 78 Ky., 630; 10 Ky. Law Rep., 173; 9 Ky. Law Rep., 148; 8 Ky. Law Rep., 258; 6 Ky. Law Rep., 296; 5 Ky. Law Rep., 636.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Appellee Arnett was the owner of a farm in Henderson County on which, in February, 1890, and prior thereto, he and his family resided, and in which he was entitled to a homestead. In April, 1890, he sold this farm for the sum of four thousand dollars, and at once invested

two thousand four hundred dollars of the money in the purchase of two hundred and forty-four acres of land in Hopkins County. He then sold to appellee Sutton one hundred and twenty-five acres of the Hopkins County farm for one thousand four hundred dollars, retaining and residing on the balance—some one hundred and nineteen acres—with his family, and the value of which is estimated to be not exceeding one thousand dollars.

In February, 1890, Arnett became the surety of one Royster to the latter's creditors, and in April, 1891, the appellant, Cooper, as agent for such creditors, obtained, in the Henderson Circuit Court, a judgment against Royster and Arnett for some five hundred and fifteen dollars, and in July thereafter had an execution to issue to Hopkins County, where it was levied on the lands owned by the appellee, Arnett, and his vendee, Sutton. At a sale under the execution, appellant bought the tract for his debt and brought this action for an enforcement of his alleged lien.

It appears that Sutton did not pay some four hundred dollars of the purchase price of the one hundred and twenty-five acres until after the levy of the appellant's execution in July, and for that reason his land was sought to be subjected to sale. Of this contention it is only necessary to say that the debtor had the right to pay his creditor, unless prevented by attachment or other appropriate means. Sutton bought the land at a fair price, got a title bond therefor and paid all the purchase money therefor except four hundred dollars before the levy of the execution. That he did not get a deed therefor until after the levy and pay the balance of the purchase price does not result in placing his land in lien under the

execution.   Arnett was not then the owner of it, and the mere levy does not affect Sutton's land or Sutton to any extent or for any purpose.

As to Arnett, it is evident that as he had a homestead in the Henderson County farm, he had one in the land bought in Hopkins County with the proceeds of its sale. It is said that the answer does not disclose that he sold the first farm with the intention of reinvesting in a homestead, and the purchase of the latter must be regarded as an original purchase of a homestead, and therefore the debt of the appellant was created prior to the purchase. We think this contention demands too strict a construction of the Homestead Act.   Before any effort was made to reach the proceeds of the sale of the lands in Henderson County, or while such proceeds were in the hands of the debtor, at which time the inquiry might be material as to the intention with which the proceeds were held, the debtor does in fact invest it in a homestead, and this, we think, was not an original obtention or purchase of a homestead, or one obtained or purchased after the creation of the debt set up in this case.

But may a debtor, owning land worth four thousand dollars, sell it, invest one thousand dollars in other land, and then with three thousand dollars in his pocket set up his exemption ?   The state of case presented would differ only slightly from a case where the owner sold off three thousand dollars worth of his land, retaining one thousand dollars worth as a homestead, as he could clearly do.

But however beneficial the answer to this question might be to the appellant, it is not presented in this case.

When Arnett sold his Henderson County farm, he was largely in debt, and the proof discloses that he proceeded

to discharge his indebtedness out of the proceeds of the sale of his farm, and even with the Sutton purchase money was unable to pay all he owed, and borrowed other money for that purpose. This he had the right to do.

If he omitted the debts he owed as surety, the remedy of the creditor was by a different proceeding from this.

There is another reason why this question is not presented here. The answer of Arnett brings him within the protection of the homestead statute, and to deprive him of the benefit of the act, the appellant must plead the facts necessary for that purpose. This he does not do.

The levy of the execution and the sale of the lands of the appellee gave no lien to, and conferred no title on, the purchaser, and the judgment dismissing his petition is affirmed.