Amelia Cornell, as Successor in Interest of Prudence Carr, Deceased, Appellant, v. Jerome B. Maltby, Respondent, Impleaded with Others.

Mortgage — Constructive Notice — Fraud. A mortgagee who, in reliance upon the record title, takes a mortgage upon property from one to whom it has been transferred by a fraudulent grantee, is not chargeable with constructive notice of the fraud, although the person defrauded occupies the property, where at the time she was ignorant of the fraud perpetrated upon her and could not have disclosed the fact to the mortgagee had he made inquiry.

*Carr* v. *Maltby,* 35 App. Div. 630, affirmed.

(Argued December 17, 1900; decided February 5, 1901.)

Appeal from certain parts of a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 20, 1898, modifying and affirming as modified a judgment entered upon a decision of the court on trial at Special Term which set aside as fraudulent certain transfers of property.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James O. Sebring* for appellant. Upon the facts proven upon the trial and established by the decisions of the Special Term, confirmed by the Appellate Division, the plaintiff is entitled to judgment setting aside the Maltby mortgage. (*Marden* v. *Dorthy*, 160 N. Y. 39 ; *Ford* v. *James*, 4 Keyes, 300 ; *Rapps* v. *Gottlieb*, 142 N. Y. 164 ; *Barnard* v. *Campbell*, 58 N. Y. 73 ; *Trustees* v. *Smith*, 118 N. Y. 634 ; *Wilcox* v. *Howell*, 44 N. Y. 398 ; *Ritter* v. *Worth*, 58 N. Y. 627 ; *Lawrence* v. *Conklin*, 17 Hun, 228 ; *A. C. S. Bank* v. *McCarty*, 149 N. Y. 71 ; *Knox* v. *E. M. A. Co.*, 148 N. Y. 441.)

*Francis A. Williams* for respondent. All the evidence tends to show that Mrs. Carr remained and lived upon the premises in question by the permission of the parties holding title under the deed and assignment, by her duly executed and acknowledged and delivered, as specifically found in the foreclosure case and impliedly found in the case at bar. Hence her possession, however notorious, was not antagonistic or hostile to her grant, and in no way put upon subsequent incumbrancers the duty of making inquiries of her as to what rights, if any, she claims in the lands in question. (*Cook* v. *Travis*, 20 N. Y. 400 ; *Pope* v. *Allen*, 90 N. Y. 298 ; *Brown* v. *Volkening*, 64 N. Y. 82 ; *Chapman* v. *Rose*, 56 N. Y. 137 ; *Simpson* v. *Del Hoyo*, 94 N. Y. 189 ; *Valentine* v. *Lunt*, 115 N. Y. 496 ; *Simson* v. *Bank of Commerce*, 43 Hun, 156 ; *Page* v. *Krekey*, 137 N. Y. 307.)

Werner, J. This action was brought to set aside as fraudulent and void a bill of sale of personal property, certain

deeds, an assignment of a land contract, and a mortgage. Prior to July 2d, 1888, the plaintiff was the owner in fee of lots Nos. 36, 37 and 38 in block No. 32 in the city of Corning, N. Y. She also held a land contract of an adjoining lot known as No. 35, from one Mallory. On said second day of July, 1888, the plaintiff executed and delivered to one John W. Hedden a bill of sale of her household goods and effects. On the same day she conveyed to one Hungerford said lots 36, 37 and 38, who at once conveyed the same to said Hedden. At the same time the plaintiff executed and delivered to said Hedden an assignment of said land contract. Hungerford, who was the brother-in-law of Hedden, took title for the sole purpose of immediately transferring it to the latter. On the 30th day of December, 1888, Hedden obtained a deed from Mallory of the lot described in the land contract assigned to the former by the plaintiff. On the 7th of January, 1889, Hedden mortgaged all of said lots to one Drake for $1,500.00, and on April 15th, 1891, he further mortgaged said lands to one Robertson for $600.00. On the 31st day of December, 1894, said Hedden and his wife conveyed said lands to one Barnard. On September 16th, 1895, Barnard mortgaged said lands to the defendant Maltby for $2,600.00, and with the proceeds of the mortgage paid the Drake and Robertson mortgages. This is the naked record history of the conveyances, the validity of which are attacked by the plaintiff. It is unnecessary to recite the circumstances which culminated in these transfers, as the trial court decided that the said deeds, bill of sale, and assignment of land contract, were obtained by fraud and undue influence practiced and exercised by the said Hedden upon the plaintiff, and this decision has been unanimously affirmed by the Appellate Division.

The sole question presented upon this appeal is whether the modification, by the Appellate Division, of the judgment entered upon the decision of the trial court, is right. This question requires a brief discussion of the facts which bear upon the status of the Maltby mortgage. The evidence discloses that, in consideration of the transfers and convey-

ances from the plaintiff to Hedden, the latter orally agreed to do certain things which were afterwards, on the 28th day of August, 1891, expressed in writing. This agreement provided that Hedden " *will, during the natural life of the party of the second part (plaintiff), in addition to the rentals and profits of the said premises, support, maintain, clothe and care for the party of the second part (plaintiff) during said life, in a suitable manner, becoming her station.*" The oral testimony adduced on behalf of plaintiff discloses that in addition to the things expressed in the written agreement Hedden was to provide a suitable burial for plaintiff upon her death. Under this agreement the plaintiff continued in "the open, visible possession and actual occupancy of said premises" as found by the trial court, until after Maltby had taken his mortgage thereon. This possession operated as constructive notice to all the world of the existence of any right which the plaintiff might be able to establish in the mortgaged premises. (*Phelan* v. *Brady,* 119 N. Y. 587 ; *Holland* v. *Brown,* 140 N. Y. 344 ; *Anderson* v. *Blood,* 152 N. Y. 293.) This is but another mode of stating that Maltby was chargeable with notice of any facts which he might have ascertained had he made actual inquiry as to plaintiff's rights when he took the mortgage from Barnard. (2 Pomeroy's Eq. Jur. sec. 614; Wade on Notice, sec. 273.) What would Maltby have discovered had he made such inquiry? It must be borne in mind that plaintiff had parted with her title in July, 1888. Maltby took his mortgage in September, 1895. This action was not commenced until February, 1896. The decision of the trial court contains no finding as to the time when plaintiff became advised that a fraud had been perpetrated upon her by Hedden ; but it may be assumed that it was not until after Maltby had taken his mortgage, as any other conclusion would necessarily impute to the plaintiff a degree of negligence which would of itself defeat her action against Maltby. Proceeding upon this assumption we think we may properly conclude that any inquiry which a reasonably prudent man in Maltby's position would have made, would have disclosed

nothing more than the fact that plaintiff had conveyed her premises to Hedden in consideration of the agreement to provide for her during her life, and give her a suitable burial at her death.

The trial court evidently concluded that this agreement reserved to the plaintiff a life estate in said premises. While there is no express finding to that effect, no other view of the case could have sustained the legal conclusion that Maltby's mortgage was subject to the plaintiff's rights in the premises. The Appellate Division modified the judgment entered upon the decision of the trial court by striking therefrom the portions which provided that the Maltby mortgage was subject to plaintiff's right of possession of said premises and to the rents and profits thereof during her natural life. Although no opinion was written in the Appellate Division, it is apparent that this modification of the judgment must have been made upon the theory that no life estate in said premises was reserved to the plaintiff by said agreement, and that the implied provision for the retention of the rents by the plaintiff was purely personal and did not affect the land. We think this disposition of the case was right. While it is plain that a gross fraud was perpetrated upon the plaintiff by Hedden, the defendant Maltby was not a party to it, and is not shown to have had any knowledge of it. The latter took his mortgage and parted with his money in good faith, upon the strength of an apparently good record title in Barnard.

Under the rule of constructive notice above adverted to, Maltby was chargeable simply with knowledge of such facts as he might have ascertained from the plaintiff as to her rights. The history of the case raises the almost conclusive presumption that inquiry from the plaintiff would have revealed nothing more than the fact that she was in possession under the agreement referred to, and this, as we have seen, did not create a life estate in the plaintiff. Appellant's counsel, in his brief and upon the oral argument, claims that *Marden* v. *Dorthy* (160 N. Y. 39) is decisive of this case. But that case is clearly distinguishable from this. In the *Marden* case the

71

mortgages which were .asserted as liens were held invalid because the deed, upon the faith of which they were taken, never had any valid inception. Although the alleged deed in that case contained the genuine signature of Mrs. Marden, it was held to have been obtained under circumstances which precluded the assumption that she had ever intended to sign a deed, so that its use for that purpose was in fact a forgery, and this, together with the fact that the alleged acknowledgment of the paper was equally fraudulent, rendered the instrument void *ab initio.* But the rule which is applicable to this case was there clearly stated in the following language : " It is doubtless true that a fraudulent grantee of real property may create a valid incumbrance upon it in favor of innocent parties, since, as to such parties, he has the title and has been clothed with the power to deal with the property." " When the owner of land executes and delivers to another a deed of it, the title passes to the grantee named therein, although the former was induced by fraud to execute and deliver the instrument. The deed is not void, but voidable, and, until set aside, it has the effect of transferring the title to the fraudulent grantee, and the latter being thus clothed with all the evidences of good title may incumber the property to a party who becomes a purchaser in good faith."

In this case there is some evidence tending to show that plaintiff was ignorant of the nature of the paper which she signed. This is negatived, however, not only by other equally cogent evidence, but by the findings of the trial court, affirmed by the Appellate Division, which conclusively establish the fact that plaintiff did consciously and intentionally execute a conveyance of her real property. The transfer was none the less real. because it was executed under circumstances which rendered it voidable at the election of the plaintiff and upon proof of the fraud by which she was deceived. The logical and necessary import of the decision made by the trial court is that the plaintiff signed the bill of sale, deed and assignment of land contract, knowing their purpose and effect, but under circumstances which would render them voidable as to

her upon discovery of fraud and undue influence under which she was induced to act. As to the Maltby mortgage, an entirely different question is presented. That mortgage is unaffected by the fraud of Hedden, since the decision declaring it valid imports that it was taken upon the faith of the record title and without actual notice, in the mortgagee, of such fraud. The constructive notice with which he was chargeable could not operate to create an estate in the plaintiff which did not in fact exist. The plaintiff never had a life estate in these lands. All that she had at the time Maltby took his mortgage was an enforceable agreement for her support and maintenance during her life, and that did not create an estate in the land. We may, therefore, emphasize our conclusions by repeating that if the plaintiff at the time Maltby took his mortgage knew of the fraud by which she was led to part with her property, her own negligence would defeat her action against said mortgagee. If, on the other hand, she did not then know of such fraud, the law imputes to the mortgagee notice of nothing more than he could have learned upon inquiry from her ; and such inquiry would have revealed simply the existence of the agreement for support and maintenance.

The modification of the judgment herein by the Appellate Division was right. The judgment as modified should be affirmed and judgment absolute entered in favor of the defendant Maltby against the plaintiff on the stipulation, without costs.

LANDON, J. (dissenting). The consideration of the deeds was Hedden's oral promise to plaintiff to give her the rents and profits of the lands for her life and also to support her for her life. As security for the performance of this promise, Hedden allowed the plaintiff to retain possession of the lands, and she has ever since been and still is in the open, notorious and visible possession of them.

Hedden recorded his deeds, and his grantee mortgaged the lands to Maltby, who thus, notwithstanding the record title of

his mortgagor, took them subject to all the rights the plaintiff was thus openly and notoriously enjoying.

Although the plaintiff conveyed her lands, she did not deliver possession of them, and as between herself and her grantee, Hedden, she had a right to retain it, and his grantees were, by such actual possession, charged with notice of it, and, therefore, stand in his shoes. Had he or they brought eject-ment, she could have successfully interposed this agreement and her possession under it as an equitable defense. In equity her right to the possession was better than theirs, and in an ejectment this would be enough. Ejectment is a possessory action. It is not needful that you should have title enough to regain possession; it suffices that your adversary· has not enough to put you out. Now, Maltby, the mortgagee, if the judgment of the Appellate Division is right, can eject the plaintiff, and thus do in this action what his grantee· could not have done in a direct action for the purpose under his deed.

The prevailing opinion states that " the plaintiff never had a life estate in these lands." It is true that she did not reserve to herself a legal life estate. So long as she retains the open and. visible possession of the lands as the consideration of her parting with her legal title, she does not need a legal title in order to defend her right of possession. Her equitable defense suffices. No one could take the legal title without notice of her equitable right to the possession which she was actually enjoying, and thus subject to it.

Where the purchaser has paid the purchase price and also taken possession under an oral contract for the sale and pur-chase of lands, his vendor cannot eject him, unless equity also requires it, and in such case the vendor must restore the con-sideration. Here the plaintiff never surrendered her posses-sion, and paid for her lifelong right of retaining it by giving her vendee the legal title to the lands. There is no pretense of restoring to her the consideration. She is entitled to one or the other. The mortgagee is entitled to no more than his mortgage covered, namely, legal title in the mortgagor, sub-

ject to the possession in the plaintiff. The record and his good faith protect his mortgage upon the naked legal title, but the plaintiff by her actual possession gave him notice that the record could not override or displace her right to such possession, and equity makes the legal title subject to it.

I advise that the judgment of the Appellate Division be reversed, and the judgment of the trial court be affirmed, with costs to the plaintiff.

PARKER, Ch. J., and GRAY, J., concur with WERNER, J., for affirmance, and HAIGHT, J., concurs in result; O'BRIEN and CULLEN, JJ., concur with LANDON, J., for reversal.

Judgment affirmed.