MASTEN REALTY CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CLAIRE D. JAMES, DEFENDANT-APPELLANT.

Submitted October 1, 1940—Decided November 29, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the defendant-appellant, *Milton T. Lasher.*

For the plaintiff-respondent, *William Greenberg.*

BODINE, J.   The plaintiff had judgment for commissions due it was claimed under a lease of June 9th, 1936, between Marie D. Packer, landlord, and LeRoy Roder, tenant, for premises at 256 West Hudson avenue, Englewood.   The lease provided: "Ninth Section: That the said Landlord appoints S. L. Masten as agent during occupancy by said tenant and agrees to pay him a commission of five (5%) per cent. of the yearly rent upon the signing of this lease and any renewals thereof.   In the event of sale to aforesaid tenant, a commission of five (5%) per cent. of the sale price will be paid."   The lease was not recorded.   Commissions for the year ending August 1st, 1939, amounted to $39 for which there was judgment.

By deed of June 2d, 1939, the defendant became the owner of the premises.   There is nothing in the record to indicate that she assumed her grantor's obligation, or had any knowledge thereof.   In fact, it is not at all clear that the broker, or his assignee, was entitled to commissions from the previous

owner. Assuming, but not deciding, that point it seems too clear to require demonstration that a purchaser of real estate does not impliedly assume obligations that do not run with the land purchased.

The respondent argues that a tenant's possession of the premises was notice of a broker's right to commissions. Not so. Possession is notice of possessor's rights but of nothing more.

The lease for the term from August 1st, 1937, to 1938, contains no clause for the broker's benefit. Thereafter, the leasing was from month to month. Hence, the assumption made that the original owner may have been obligated is a violent one to say the least.

Suffice it to say for the purposes of this case, that the defendant was never a party to the contract sued upon, and that obligations to answer for the debt of another must be evidenced in writing and be supported by a consideration. See statute of frauds, *N. J. S. A.* 25:1-5.

*Judgment is reversed.*