Kenneth WALKER and Josephine Walker, Appellants,

v.

FAIRBANKS INVESTMENT COMPANY, Appellee.

No. 16082.

United States Court of Appeals Ninth Circuit.

May 29, 1959.

McNealy & Merdes, Fairbanks, Alaska, for appellants.

Walter Sczudlo, Gary Thurlow, Fairbanks, Alaska, for appellee.

Before POPE, HAMLEY and JERTBERG, Circuit Judges.

HAMLEY, Circuit Judge.

Kenneth and Josephine Walker, as judgment creditors, brought this action to have certain asserted conveyances of real property or interests therein declared void as to the lien of their judgment. The action arose in Alaska and involves an Alaska judgment and Alaska property. The claim that the asserted conveyances are void as to their judgment lien rests on the fact that such conveyances were not of record at the time the judgment was docketed.

Named as defendants were James B. and Mary Fern Ing, the judgment debtors; Chester W. and Martha L. Jackson, vendees of a real estate contract covering the property in question; and Fairbanks Investment Company, Inc. (Fairbanks), assignee of the vendors' interest in the contract and recipient of a quitclaim deed to such property from the vendors. Before any answer had been filed, but more than twenty days after the commencement of the action, plaintiffs moved for summary judgment against Fairbanks.[1] Defendants Fairbanks and Mr. and Mrs. Jackson moved in the alternative for dismissal of the action or for summary judgment in their favor.

After a hearing on these motions, an order was entered denying plaintiffs' motion for summary judgment against Fairbanks and granting Fairbanks' motion to dismiss the action as to it. At the same time a summary judgment was entered in favor of Mr. and Mrs. Jackson, in which it was declared that plaintiffs' judgment lien did not attach to the property being purchased by the Jacksons.

Plaintiffs appeal from the order and a summary judgment in favor of Fairbanks. They do not appeal from the summary judgment entered in favor of the Jacksons.[2]

The questions presented on appeal involve the application, under the facts of this case, of § 55–9–63 A.C.L.A.1949, which reads as follows:

"A conveyance of real property or any portion thereof or interest therein shall be void against the lien of a judgment unless such conveyance be recorded at the time of docketing such judgment or the transcript thereof, as the case may be."

The essential facts are not in dispute. By virtue of a deed executed on October 23, 1953, and recorded on October 28, 1953, James B. Ing became vested with fee simple title to lot 4, block 52, of the Townsite of Fairbanks, Alaska. On October 31, 1956, Mr. and Mrs. Ing sold this property to the Jacksons for $31,280.33. After the stipulated down payment and the vendees' assumption of an outstanding mortgage, the Ings held a sellers' equity in the amount of $7,483.26.

Under the contract the Jacksons agreed to pay $250 a month on the unpaid purchase price, such payments to be applied first on sums due on the mortgage with the balance being applied in reduction of the sellers' equity. This real estate contract was not recorded at that time. However, the Jacksons went into immediate and open possession of the property.

In October 1957 an action by the Walkers against the Ings (civil action No. 7807) came on for trial in the district court at Fairbanks, Alaska. On October 25, 1957, upon the termination of the trial, the court announced that judgment would be awarded for the Walkers in the sum of at least $20,000. The award of a possible additional $24,226.43 was with-

---

1. Pursuant to Rule 56(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

2. After this appeal was taken, an order was entered, to which appellants consented, dismissing the action as to Mr. and Mrs. Ing.

held pending the submission of briefs. No judgment was actually entered at that time.

On November 4, 1957, Mr. and Mrs. Ing assigned their vendors' interest in this property to Fairbanks, giving the latter at the same time a quitclaim deed to such property. There was then an outstanding balance of $6,905.23 on the real estate contract. Fairbanks paid Mr. and Mrs. Ing $5,000 for the assignment and quitclaim deed. Neither the assignment nor the quitclaim deed was recorded at that time.

On November 9, 1957, judgment in favor of the Walkers and against the Ings in the sum of $44,226.43 was entered and docketed in civil action No. 7807. On November 29, 1957, a final amended judgment in the amount of $37,673.10 was entered and docketed.

On December 18, 1957, the assignment of the real estate contract from Mr. and Mrs. Ing to Fairbanks was recorded. While the assignment makes reference to a quitclaim deed, the transcript before us does not indicate that the latter was ever independently recorded. On December 20, 1957, the real estate contract between the Ings and the Jacksons was recorded. There is no claim or indication that appellants or the vendees had actual knowledge of the assignment and quitclaim deed prior to the docketing of the judgment.

Execution for the enforcement of the judgment in civil action No. 7807 was thereafter returned wholly unsatisfied.

It would seem that under these facts § 55–9–63 A.C.L.A.1949, quoted above, would compel the conclusion that the assignment and quitclaim deed from Mr. and Mrs. Ing to Fairbanks, unrecorded at the time appellants' judgment against the Ings was docketed, were void as against the lien of that judgment.

The district court held, however, that by reason of the fact that the Jacksons were in open possession of the property, appellants had constructive knowledge of the assignment and quitclaim deed from their vendors, Mr. and Mrs. Ing, to Fairbanks. Existence of such constructive knowledge, the court held, prevented application of § 55–9–63 A.C.L.A.1949. The court cited Frank Lynch Co. v. National City Bank of Chicago, 8 Cir., 261 F. 480, 483, as authority for the conclusion reached.

In Lynch the court was dealing with a vendor which had endorsed and assigned to a third person the negotiable promissory notes issued by the vendee in possession in payment for North Dakota property. At the same time the vendor assigned to the third person, without recordation, its interest in the real estate contract. The court held that the vendee's possession of the property gave a subsequent judgment creditor constructive notice that the vendor's title to the property was subject to the real estate contract and "that Kresse [the vendee] had given his negotiable promissory notes for the unpaid purchase price, that they were negotiable, and that they might have been discounted or sold, or assigned to some third person."

The court then came to the question of whether the judgment creditor also had constructive notice of the actual negotiation of the vendee's notes to the particular third person involved in that case. As to this, the court said, the supreme courts of Minnesota and Georgia had reached opposite conclusions.[3] The court held, however, that this was a question of local (North Dakota) real estate law, and that in a diversity action a federal court must be guided by the decisions of the highest tribunal of the state in which the land is situated.

The court, in Lynch, found what it regarded as a conclusive answer in the North Dakota Supreme Court case of Quaschneck v. Blodgett, 32 N.D. 603, 156

---

**3.** The court referred to the Minnesota case of Welles v. Baldwin, 28 Minn. 408, 10 N.W. 427, as rejecting such constructive notice, and the Georgia case of Georgia State Building & Loan Association v. Faison, 114 Ga. 655, 40 S.E. 760, as taking the opposite position.

N.W. 216. On the basis of the latter decision, which was regarded as controlling, the Eighth Circuit held that a judgment creditor has constructive notice of such transactions by a vendor.[4]

Presumably, if the property had been situated in Minnesota the Eighth Circuit would have applied what it regarded as the opposite rule there obtaining. It will therefore be seen that Lynch stands only for the proposition that under the decisional law of North Dakota judgment creditors are charged with constructive notice of transactions of the kind involved in that case. It is also to be noted that the transaction there in question involved the endorsement and transfer of negotiable promissory notes, a fact not present in the instant case.

The recording statute involved in the North Dakota case, Quaschneck v. Blodgett, supra, is quite similar to the Alaska statute quoted above upon which appellants rely. The holding in that case therefore has precedent value here, assuming that the facts are analogous.

It was held in Quaschneck that the vendor's mortgagee, and the latter's assignee, had constructive notice through the vendee's possession that the vendor had transferred purchase-money notes to others. It will be observed that again the transaction concerning which constructive notice was held to be chargeable related to the transfer of promissory notes. No such transaction took place in the instant case.

The court in Quaschneck cited six cases as authority for the rule there announced.[5] Of all these cases, only Doolittle involved a recording statute, and that statute was held to be inapplicable with regard to the real estate contract there in issue. In all of these cases except Georgia State Building & Loan Association v. Faison, the only question was as to whether one who claims under a vendor has constructive notice of the interests of a vendee in possession. In the instant case appellants do not now make any claim against the interests of the vendees —the Jacksons.

In the Lynch case the court cites four additional cases as standing for the rule announced in Georgia State Building & Loan Association v. Faison, supra.[6] As we have seen, the latter case is not in point because no recording statute was involved. None of these additional cases, in our opinion, supports the judgment here under appeal.[7]

4. The court in Lynch announced this rule (261 F. at page 485):
"The open possession of land by a vendee under the contract of the owner to sell and convey it to him upon the payment of the part of the purchase price thereof evidenced by his negotiable notes described in the contract is notice to grantees, mortgagees, and judgment creditors of the vendor of the contract, of its terms, and of any unrecorded transfer by the vendor of the vendee's notes to a third person made before the vendor made his grants or mortgage of the land, or before the judgment against him was docketed, and the transferee of the notes has, notwithstanding the recording statutes, the superior right to the payment of the notes to himself."

5. Georgia State Building & Loan Association v. Faison, supra; Meade v. Gilfoyle, 64 Wis. 18, 24 N.W. 413; Doolittle v. Cook, 75 Ill. 354; Humphrey v. Moore, 17 Iowa 193; Van Baalen v. Cotney, 113 Mich. 202, 71 N.W. 491; Jaeger v. Hardy, 48 Ohio St. 335, 27 N.E. 863.

6. Johnson v. Equitable Securities Co., 114 Ga. 604, 40 S.E. 787, 56 L.R.A. 933; Wilkins v. Gibson, 113 Ga. 31, 38 S.E. 374; Curtis v. Moore, 152 N.Y. 159, 46 N.E. 168; Cooper v. Arnett, 95 Ky. 603, 26 S.W. 811.

7. In Johnson the question pertained to the claim of a judgment creditor of a vendee as against a mortgagee of the vendee's assignee. Wilkins involved the right of a junior incumbrancer to be subrogated to the rights of a senior incumbrancer. In Curtis v. Moore there was brought into question the rights of a vendee in the purchased property, against which there was a recorded mortgage, as against the assignee of the mortgagee who had not recorded the assignment. It was held that the vendee was not a bona fide purchaser. Cooper v. Arnett involved the claim of a judgment creditor of a vendor as against the interest of a vendee.

Appellee refers to Frank Lynch Co. v. National City Bank of Chicago, supra, as the "leading" case on the issues here in question. This characterization seems hardly appropriate inasmuch as that case has never been cited in any subsequent decision on this point.[8]

■ The great majority of the cases which have dealt with the problem have held that the vendee's possession does not give constructive notice of the vendor's unrecorded assignments or incumbrances.[9] This is in keeping with the general rule that possession by a vendee gives constructive notice of the rights of the possessor to the extent that one seeking to deal with such property could by reasonable inquiry have ascertained the nature of such rights.[10]

Some cases, as we have seen, extend this constructive notice to include the vendor's unrecorded transactions if the vendee had actual knowledge of them, since inquiry of the vendee would pre-

sumably have revealed this information. In a few cases, such as Lynch and Quaschneck, constructive notice is also extended to include unrecorded transactions by the vendor, though unknown to the vendee, if purchase-money negotiable notes are involved.

In the instant case the vendees were not shown to have actual knowledge of the unrecorded assignment and quitclaim deed from the vendors to Fairbanks. No negotiable purchase-money notes were involved. Hence the decisions referred to above which give the widest latitude to the constructive notice rule would not sanction such notice in this case.

■ The applicable statute, § 55–9–63 A.C.L.A.1949, quoted above, is explicit in providing that unrecorded conveyances of real property or any portion of or interest in real property shall be void as against the lien of a docketed judgment. The constructive notice of an unrecorded conveyance provided by a vendee's open

---

8. The Lynch case and three other decisions which appear to adopt the same view are criticized in 1 Merrill on Notice, § 118, page 144. Professor Merrill there states:

"A rather peculiar extension of the doctrine of notice by possession has been invoked by some courts to charge a subsequent purchaser, mortgagee, or creditor, finding the premises occupied by a purchaser, to probe the possibility that the right to unpaid installments of the purchase price may have been transferred. Contrary decisions seem to represent the better view, since the occupant would be unlikely to prove a reliable source of information upon that point and there is nothing to suggest inquiry in any other direction."

Each of the three other cases referred to by Merrill as applying the same rule announced in Lynch are distinguishable from the instant case. In the first of these Citizens' & Southern Bank v. Realty Savings & Trust Co., 167 Ga. 170, 144 S.E. 893, negotiable promissory notes were involved. In the second case, Townsend v. Seber, Tex.Civ.App., 264 S.W. 211, the vendee in possession had actual knowledge of the vendor's assignment and inquiry of him would therefore have presumably revealed that fact. In the third case, Butcher v. Kagey Lum-

ber Co., 164 Ohio St. 85, 128 N.E.2d 54, this same circumstance existed. In addition, no recording act was involved.

9. See, for example, Johnson v. Strong, 65 Hun 470, 20 N.Y.S. 392; First National Bank of Stevens Point v. Chafee, 98 Wis. 42, 73 N.W. 318; Welles v. Baldwin, supra; Nelson v. Joshel, 305 Ill. 420, 137 N.E. 389; Munn v. Burges, 70 Ill. 604; Olmsted v. McCrory, 158 Wis. 323, 148 N.W. 871; Carr v. Maltby, 165 N.Y. 557, 59 N.E. 291; Masten Realty Co. v. James, 125 N.J.L. 529, 16 A.2d 464; Battersby v. Gillespie, 57 N.D. 426, 222 N.W. 480; cases cited in 92 C.J.S. Vendor and Purchaser § 346, page 276, footnotes 61–64.

10. See Kirby v. Tallmadge, 160 U.S. 379, 16 S.Ct. 349, 40 L.Ed. 463; 5 Tiffany, Real Property (3d ed.) § 1287, page 57; 8 Thompson on Real Property (Perm. ed.), §§ 4513, 4514, pages 401, 407; 1 Merrill on Notice, footnote 8, supra; cases cited in 92 C.J.S. Vendor and Purchaser § 346, pages 272, 275; cases cited in 39 Am.Jur., Notice and Notices, § 18, pages 242–243, and 55 Am.Jur., Vendor and Purchaser, § 712, page 1087; Annotation, Possession of land as notice of title, 13 L.R.A.,N.S., pages 49, 73, 138–139.

possession of the property operates as an implied general exception to the statute. An implied exception to an express statute is justifiable only when it comports with the basic purpose of the statute.

■ The basic purpose of a statute such as § 55–9–63 is to enable persons to deal with real property on the basis of facts of record or of which such persons have actual knowledge. This purpose is not undermined by charging persons with knowledge which could be gained by inquiry of one in possession as to the nature of the latter's title or interest. Perhaps such purpose is not defeated by extending such notice to include the title or interests of others which could be ascertained by inquiry of the person in possession. It is certainly defeated by charging one with constructive notice of facts which one in possession does not know and hence could not reveal.

■ We conclude that possession of the property by the Jacksons did not give appellants constructive notice of the assignment and quitclaim deed from the Ings to Fairbanks, so as to relieve appellee from the sanction of § 55–9–63.

Appellee argues that the Alaska statute was drawn from a similar Oregon statute, and cites several Oregon decisions which deal with the general problem. In our view, the decisions relied upon are consistent with the view expressed above and with the rule followed in most jurisdictions. Nor does appellee's argument based upon the provisions of the general recording statute of Alaska and the statute relating to fraudulent conveyances appeal to us as calling for a different result.[11]

■ While appellee contends otherwise, we hold that the assignment of the interest of a vendor in an executory land contract is a conveyance of an "interest" in real property within the meaning of § 55–9–63. Several of the cases cited on the question of constructive notice expressly so hold. It is noteworthy that appellee itself apparently believed that recording was required, since it ultimately recorded the assignment though not until the lien of the docketed judgment had attached.

Finally, appellee argues, the judgment lien statute does not contemplate recordation of executory contracts for the sale of land. Reliance is placed upon the general recording statute, § 22–3–25 A.C.L.A.1949, and certain Oregon and Washington decisions construing similar statutes.[12] The burden of these cases is that the general recording statute does not require the recording of a mortgagee's assignment. It is argued that the position of the assignee of a seller under a contract of purchase and sale is analogous to that of the assignee of the mortgagee referred to in the Oregon and Washington cases relied upon.

This argument might have merit if § 22–3–25 were the only applicable Alaska statute. But it is expressly provided in § 22–3–33 A.C.L.A. 1949, that executory contracts for the sale of land may be recorded. In the instant case the executory contract between the Ings and the Jacksons was recorded, but not until the lien of the docketed judgment had attached. The Jacksons have been confirmed in their title, however, because their open possession gave constructive notice of their interest under the unrecorded contract. In our opinion, were it not for such constructive notice, this contract would have been void as against appellants' judgment lien.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

11. Sections 22–3–25 and 22–4–3, A.C.L.A. 1949, respectively.

12. Bamberger v. Geiser, 24 Or. 203, 33 P. 609; Fischer v. Woodruff, 25 Wash. 67, 64 P. 923.