Sanders *v.* Cook.

*J. Brownlee,* for the appellee.

---

'SANDERS *r.* COOK.

EXECUTION—INJUNCTION.—*A* recovered a judgment against two persons. The property of one has passed by purchase, under a junior lien, to another person, and the property of the other to another person by purchase. *A* seeks to enforce payment of the judgment by levy and sale of the property of the former, who seeks to enjoin the sale thereof until the property of the latter shall have been exhausted.

*Held,* that such sale ought not to be enjoined, because the principle of equity, authorizing the marshaling of securities in certain cases, does not apply in such a case.

APPEAL from the *Bartholomew* Circuit Court.

---

Sanders *v.* Cook.

---

HANNA, J.—This was a proceeding to enjoin a sale of certain lands on execution. Injunction granted.

It appears by proper averments in the complaint, by the appellee, that on the 21st day of *April*, 1857, one *Sinker* recovered a joint judgment against *Barmes*, *Wonderly*, *Witt*, *Davis*, *Witt*, *Norton* and *Whippe*, for, &c., which was, on *August* 23d, 1860, assigned to said *Cook;* that on the 28th of *July*, 1862, an execution was issued on said judgment, and levied on the property in dispute, as the property of said *Barmes*, and the sheriff threatens, &c.; that on the 2d of *January*, 1858, one *Spaugh* sued out an attachment against the property of said *Barmes*, which was levied upon said real estate as the property of said *Barmes;* that on the 24th of *January*, 1859, judgment was recovered by said *Spaugh* against said *Barmes*, and an order for the sale of said attached property; that in pursuance thereof, said land was, on the 3d day of *December*, 1859, sold to *Spaugh*, who, on the 20th day of *February*, 1860, sold the same to the complainant; that none of said named defendants, in the prior judgment, had any property subject to execution, except said *Barmes* and *Wonderly;* that the latter had, until the 1st day of *January*, 1861, property in said county amply sufficient to pay said debt, to-wit: real estate; that in 1861 or 1862, *Barmes* died utterly insolvent. Prayer that the said property of *Wonderly*, and any other property of said *Barmes*, subject to said execution, may be first resorted to.

A demurrer to the complaint was overruled. It assigned for cause that *Wonderly* ought to be made a party, and that it did not state facts sufficient, &c.

An answer was filed, showing that several executions had issued, and been levied upon various articles of personal property, after the rendition of the judgment, and before the property was seized under the attachment, and that said *Sinker* and the said *Cook* used due diligence to collect said

debt; that prior to the issuing of said attachment, the defendants in said elder judgment had, among themselves, made an agreement, by which said *Barmes* was to pay the same, the other defendants paying him their contributive share; that *Wonderly* has no property subject to execution, other than the lands described, which he transferred on the 1st of *January*, 1861, to a purchaser. Then it appears that the said *Sinker* judgment was a lien on property of *Barmes* and *Wonderly*, and the question is, to the property of whom shall the holder of said judgment resort for satisfaction thereof. The property that was owned by *Barmes* has passed to a purchaser under a junior lien—the plaintiff in this case; that of *Wonderly* has passed to a third person by purchase.

The ground upon which the appellee claims relief is, that as the plaintiff in the *Sinker* judgment had a lien upon the property of both *Barmes* and *Wonderly*, either of which was sufficient, and *Spaugh* had a lien, which he had enforced, upon that of *Barmes* only, therefore the former should be compelled to resort to that which the latter could not reach. This is placed upon the ground that the holder, under the *Spaugh* judgment, is an innocent purchaser. This would be in accordance with the rule in equity, that where one creditor could look to two funds of a debtor, and another creditor could look to but one of said funds, the former might be compelled to exhaust that which the latter could not reach before he could seize upon the other, which the latter could reach. We say the relief prayed would be in accordance with this equitable doctrine, if the same is applicable to the facts stated. But it is not, for the reason that in this instance there was not a common debtor against whom different creditors had claims, which must be the case to entitle either to have the securities or funds marshaled It is said that "this may be illustrated by supposing the case of a joint debt due to one creditor by two persons, and a several debt due by one

Sanders *v.* Cook.

of them to another creditor. In such a case, if the joint creditor obtains a judgment against the joint debtors, and the several creditor obtains a judgment against his own several debtor, a Court of equity will not compel the joint creditor to resort to the funds of one of the joint debtors, so as to leave the second judgment in full force against the funds of the other several debtor. At least it will not do so, unless it should appear that the debt, though joint in form, ought to be paid by one of the debtors only, or there should be some other supervening equity." 1 Story Eq. sec. 642.

The case at bar falls exactly within the proposition here stated. It does not appear that *Wonderly* should pay the debt rather than *Barmes*, as between themselves. In the answer the reverse is averred. But one thing is shown which has the semblance of a supervening equity, and that is, the death and insolvency of *Barmes*. This we do not look upon as sufficient to authorize interposition. The purchaser, under the attachment proceedings, took his chances in regard to the prior lien that is now being enforced. And he can not be regarded as an innocent purchaser, in the legal sense of that term, for the law made the record of the senior judgment constructive notice to him and all others. It must be supposed that he looked to the fact that the holder of that lien had a right, by virtue of his contract so far as was shown, to proceed against the property of either or both of the joint debtors, until he was satisfied. And we do not discern any laches upon his part by which he has forfeited that right. Nor do we see that he can be compelled by one, not a creditor of the common debtor, to surrender any of his rights under his contract, because one of his debtors may have become insolvent.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Francis T. Hord,* for the appellant.

*Ralph Hill,* for the appellee.