# JONATHAN J. LYMAN
## v.
# LUCY RUSSELL et al.

NOTICE — *possession* — *effect upon subsequent purchasers.* If a party is in the open and notorious possession of land, it is sufficient notice to put subsequent purchasers upon inquiry, and operates as legal notice of the rights of the possessor.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. CHARLES R. STARR, Judge, presiding.

This was a bill in chancery, filed by Jonathan J. Lyman, the plaintiff in error, in the Circuit Court of Iroquois county, against Lucy Russell, Frank Russell, and Lora Russell, heirs of William E. Russell, deceased, setting forth that on the 27th day of June, 1855, one William Bandy sold and conveyed to Samuel Lyman the north-east quarter of the north-east quarter of section 25, town 28 north, range 13 west; and that said Samuel Lyman took and continued in the actual possession until February 17, 1860, when he sold to Jacob Lyman, who then took possession and continued to hold the actual possession of the same until February 18, 1863, when he sold it to the plaintiff in error, Jonathan J. Lyman; that all of said Lymans were and continued in the open and notorious possession of the land from June 1855. The bill alleges that on the 20th day of January, 1858, while said Samuel Lyman was in the actual and notorious possession, the said William Bandy mortgaged said land to O. L. Davis, executor of William E. Russell, deceased, and the mortgage was subsequently foreclosed, and the land sold to pay the amount due thereon. None of the Lymans were made parties to the bill of foreclosure.

The bill alleges, that the deed from Bandy and wife to Samuel Lyman, was not filed for record until August, A. D. 1864. The bill prays that the mortgage and the proceedings to foreclose be set aside. The oath of the defendants was waived.

The answers denied all knowledge of the deed from Bandy and wife to Samuel Lyman, and the subsequent conveyances; and denied all knowledge of any interest of said Samuel Lyman and others in the land, until after the foreclosure of the mortgage. The complainant filed a general replication.

The cause was heard upon bill, answer, replication and proof submitted upon the trial, and a decree rendered dismissing the bill. The proofs fully sustained the allegations of the bill.

Mr. JAMES FLETCHER, for the plaintiff in error.

Mr. GEORGE B. JOINER, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The object of the bill filed in this cause was to set aside a certain mortgage, and all proceedings under it, made by William Bandy and wife to O. L. Davis, on the 20th of January, 1858, on the allegation, that, before the execution of this mortgage, Bandy and wife had sold and conveyed the same land to Samuel Lyman on the 27th of July, 1855, and that he, and those claiming under him, had been in the actual, open, notorious and visible possession of the same ever since, and was so in possession at the date of the execution of the mortgage.

There is proof showing, that, soon after the purchase of this land by Lyman, he broke up a portion of it, and the purchasers under him broke other portions before the execution of the mortgage. The land was situate on a public road leading from Middleport to Kankakee, and working on it with a plow breaking the soil was in the view of all who passed along the road. Davis, then, in taking this mortgage, should have inquired into these acts and have ascertained by what authority they were done, and what interest the party doing them had in the land. Such an inquiry would have brought to light the unrecorded deed from Bandy to Lyman for the land.

We think this possession by Lyman was sufficient notice to put a subsequent purchaser upon inquiry, and should operate as legal notice to him of Lyman's rights. *Rupert* v. *Mark*, 15 Ill. 540.

This being the only point made in the case, and the Circuit Court having decided it against the complainant, the decree must be reversed and the cause remanded.

*Decree reversed.*