Cutler vs. James and others.

CUTLER, Appellant, vs. JAMES and others, Respondents.

*September 23 — October 13, 1885.*

VENDOR AND PURCHASER OF LAND: RECORDING ACTS. *(1) Deed and judgment correcting it. (2) Record of judgment:* Lis pendens. *(3) Quitclaim deed is a "conveyance." (4) Notice of prior conveyance: Burden of proof.*

1. A recorded deed and a judgment correcting it and expanding the description, constitute together a completed conveyance of the same nature as the deed itself.

2. The record of such judgment in the office of the register of deeds will relate back to the time of filing the notice of *lis pendens,* and all purchasers whose conveyances were not then recorded will be bound thereby although they were not parties to the action.

3. A quitclaim deed is a "conveyance" within the meaning of sec. 2241, R. S., and when recorded the grantee therein, if "a purchaser in good faith and for a valuable consideration," will be protected as such against a prior unrecorded warranty deed.

4. Under the circumstances of this case the burden of proving that a defendant, who purchased land from the person in possession and claiming to be the owner thereof, had notice of a prior unrecorded deed from his grantor to the plaintiff, is *held* to be upon the latter.

APPEAL from the Circuit Court for *Waukesha* County. The case is thus stated by Mr. Justice CASSODAY:

"Ejectment. The plaintiff claims title to the strip of land in question by virtue of a warranty deed, bearing date May 8, 1879, executed by Morris D. Cutler, but not recorded until February 1, 1882. The defendants claim title to the same strip in *Samuel D. James* by virtue of a deed to him executed by Morris D. Cutler, May 25, 1880, and recorded October 14, 1880, and an action to reform the description therein so as to include the strip of land in question in favor of *Samuel D. James*, and against Morris D. Cutler, and in which due notice of *lis pendens* was filed in the register's office, October 23, 1880, and judgment rendered and entered December 9, 1880, so reforming the description as to include said strip, and which judgment was affirmed by this court, January 16, 1882. *James v. Cutler*, 54 Wis. 172. That judgment was recorded in the register's office, February 2, 1882.

" In addition to the facts stated, which were in evidence, it appeared upon the trial of this action in effect that *Samuel D. James* was in possession, claiming as owner and purchaser from Morris D. Cutler; that at the time he so purchased this strip and other land, the same was between two walls, and that Morris D. Cutler represented to him that he had the title to it, and that thereupon he purchased it of Morris D. Cutler and paid him therefor $625. The other defendants were in possession as tenants of *Samuel D. James*. The court directed a verdict for the defendants, and from the judgment entered thereon the plaintiff appeals."

The cause was submitted for the appellant upon the brief of *J. V. V. Platto*. He argued, *inter alia*, that as the deed to *James* was a quitclaim it conveyed only the interest which the grantor had in the land at the time it was made, and that the grantee in such a deed was not considered a *bona fide* purchaser for value, and was not entitled to pro-

tection against a prior deed of which he had no actual notice. R. S. sec. 2207; *May v. Le Claire*, 11 Wall. 232; *Woodward v. Baker*, 10 Ore. 491; Co. Litt. sec. 446 (265 *b*); 3 Washb. on R. P. (4th ed.), 607; *Oliver v. Piatt*, 3 How. 333; *Runyon v. Smith*, 18 Fed. Rep. 579; *Richards v. Snider*, 11. Ore. 501; *Bryan v. Uland*, 101 Ind. 477; *Avery v. Akins*, 74 id. 283; *Graham v. Graham*, 55 id. 23; *Jackson v. Hubble*, 1 Cow. 613; *Jackson v. Winslow*, 9 id. 13; *Edwards v. Varick*, 5 Denio, 702; *Springer v. Bartle*, 46 Iowa, 688; *Watson v. Phelps*, 40 id. 482; *Smith v. Dunton*, 42 id. 48; *Light v. West*, id. 138; *Besore v. Dash*, 43 id. 211; *Jackson v. Wright*, 14 Johns. 193; *Jackson v. Bradford*, 4 Wend. 619; *Sparrow v. Kingman*, 1 N. Y. 247; *Fogg v. Holcomb*, 64 Iowa, 621; *Gress v. Evans*, 1 Dak. 387; *Lain v. Shepardson*, 23 Wis. 228; *White v. Winer*, 19 id. 304; *Nichols v. Alexander*, 28 id. 118; *Martin v. Morris*, 62 id. 418.

For the respondents there was a brief by *Parks & Thompson*, and oral argument by *Mr. Parks*.

CASSODAY, J. The recorded deed from Morris D. Cutler to *Samuel D. James*, and the judgment expanding the description therein so as to include the strip of land in question, must together be regarded, between the parties to that action, as a completed conveyance to him of the nature indicated by the language in the deed. The statute expressly declares that " all judgments, . . . in cases where the title to land shall have been in controversy, may be recorded in the office of the register of deeds, . . . *with like effect as conveyances*." Sec. 2236, R. S. Such judgment, having been duly recorded, must have the same effect as the original deed, with the description corrected, re-executed, and re-recorded, would have had. True, the plaintiff herein was not a party to that action. But the statute, in effect, declares that " from the time " of filing notice of *lis pendens* in such action " the pendency of such

action shall be constructive notice thereof to a purchaser or incumbrancer of the property affected thereby; *and every purchaser* or incumbrancer, whose conveyance or incumbrance *is not recorded* or filed, *shall be deemed a subsequent purchaser* or incumbrancer, and *shall be bound by the proceedings* in the action to the same extent and in the same manner as if he were a party thereto." Sec. 3187, R. S. This being so, the judgment must relate back to the time of the filing of such notice, and hence, as to such purchasers or incumbrancers, be treated as recorded as of that date. Under that statute, and so far as that action was concerned, the plaintiff must be regarded the same as though he had purchased subsequently to the filing of the notice of *lis pendens* therein, and hence is bound by the proceedings and judgment in that action. *Wright v. Jackson,* 59 Wis. 577; *Coe v. Manseau,* 62 Wis. 89.

Treating the deed as so reformed and re-recorded, even as against the plaintiff, and it is still claimed that it was a mere release and quitclaim of any interest which Morris D. Cutler might have had in the land at the time of its execution, and hence ineffectual as against his prior unrecorded warranty deed to the plaintiff. The statute declares, in effect, that "a deed of quitclaim and release of the form in common use," or "of the form" therein given, "shall be sufficient to pass all the estate which the grantor could lawfully convey by deed of bargain and sale." Sec. 2207, R. S. The form given is simply to the effect that the grantor "hereby quitclaims" to the grantee. And the statute then declares that "such deeds . . . shall have the effect of a conveyance in fee simple to the grantee, his heirs and assigns, of all right, title, interest, and estate of the grantor, either in possession or expectancy, in and to the premises therein described, and all rights, privileges, and appurtenances thereto belonging." Sec. 2208, R. S. These two sections in terms, as it seems to the writer, ele-

vate a mere "deed of quitclaim and release" into a "deed of bargain and sale." *Russell v. Coffin*, 8 Pick. 143; *Hunt v. Hunt*, 14 Pick. 374; *Matthews v. Ward*, 10 Gill & J. 443; *Givan v. Doe*, 7 Blackf. 210; *Hall v. Ashby*, 9 Ohio, 96; *Wood v. Chapin*, 13 N. Y. 517.  Here the grantor, "for and in consideration" of the purchase price paid in and by the deed as reformed, did "give, grant, bargain, sell, remise, release, and quitclaim, unto the said" *Samuel D. James*, "and to his heirs and assigns, forever," the land in dispute, "to have and to hold the same, together with all and singular the appurtenances and privileges thereunto belonging, or in anywise thereunto appertaining, and all the estate, right, title, interest, and claim whatsoever of the said party of the first part, either in law or equity, to the only proper use, benefit, and behoof of the said party of the second part, his heirs and assigns, forever."  The deed itself, especially in connection with the circumstances attending its execution, shows that Morris D. Cutler, in possession and representing himself as the owner of the land, bargained and sold the same for the price named; and in consideration therefor did give, grant, and convey the same to *Samuel D. James*, who, relying upon such representations, paid the price and obtained such reformed conveyance.  These attending circumstances may properly be considered as showing the real intent and purpose of the instrument. *Taylor v. Harrison*, 47 Tex. 461.

The question is not whether *Samuel D. James*, by virtue of his deed so reformed and the possession under it, got a better title to the land than the plaintiff had by virtue of his prior unrecorded deed, but whether his deed, so reformed, was such as to entitle him to the protection given by sec. 2241, R. S.  That section provides, in effect, that "every conveyance of real estate within this state . . . which shall not be recorded as provided by law shall be void as against any subsequent purchaser in good faith and for a

valuable consideration, of the same real estate, or any portion thereof, whose conveyance shall first be recorded." Was the deed to *Samuel D. James* so reformed a "conveyance" within the meaning of this section? The statute declares, in effect, that "the term 'conveyance,' as used" in that section, "shall be construed to embrace every instrument in writing by which any estate, or interest in real estate, is created, aliened, mortgaged, or assigned, or by which the title to any real estate may be affected in law or equity, except wills, leases for a term not exceeding three years, and executory contracts for the sale or purchase of land." Sec. 2242, R. S. The deed, so reformed, being an "instrument in writing," and not within any of the exceptions named, must, by the very words of the section, be embraced in the term "conveyance," as used in sec. 2241. This view is in harmony with previous utterances of this court, and decisions of other courts under similar statutes. *Wynn v. Carter*, 20 Wis. 107; *Hoyt v. Jones*, 31 Wis. 396 *et seq.; Ehle v. Brown*, 31 Wis. 405; *Helms v. Chadbourne*, 45 Wis. 71–74; *Girardin v. Lampe*, 58 Wis. 267; *Wood v. Chapin*, 13 N. Y. 509; *Hetzel v. Barber*, 69 N. Y. 1; *Westbrook v. Gleason*, 79 N. Y. 30, 31; *Brown v. Banner Coal Co.* 97 Ill. 214; *Shotwell v. Harrison*, 22 Mich. 410; *Fox v. Hall*, 74 Mo. 315; *Bradbury v. Davis*, 5 Colo. 265; *Frey v. Clifford*, 44 Cal. 335; *Graff v. Middleton*, 43 Cal. 341.

Thus it appears that *Samuel D. James* purchased subsequently to the plaintiff, and for a valuable consideration paid at the time, and that his deed, as reformed by the judgment, constituted a conveyance which was duly recorded prior to the time when the plaintiff's deed was recorded, within the meaning of sec. 2241. It also appears that the conveyance to the plaintiff was not recorded until after such completed conveyance to *Samuel D. James* was recorded. From these things it necessarily follows that the conveyance to the plaintiff must be regarded, under

the section of the statute cited, as void as against *Samuel D. James*, provided it appears from the record that he was a "purchaser in good faith," within the meaning of that section. If *Samuel D. James* so purchased, without any knowledge of the plaintiff's unrecorded deed, or any information sufficient to put him upon inquiry, then, in view of the other existing conditions mentioned, he was such "purchaser in good faith" within the meaning of that section. *Mueller v. Brigham*, 53 Wis. 176; *Fallass v. Pierce*, 30 Wis. 468. True, there is no direct evidence that *Samuel D. James* did not know nor have information of the existence of the plaintiff's unrecorded deed, but all inferences from the facts and circumstances in proof are in that direction and none in the opposite direction. These things being so, we think the burden of proving such knowledge or information was upon the plaintiff, if he had any reason to believe it existed. That such burden was on the plaintiff, under the facts and circumstances disclosed in the record, seems to be sanctioned by the authorities. *Lampe v. Kennedy*, 56 Wis. 254; *Shotwell v. Harrison*, 22 Mich. 411; *Wood v. Chapin*, 13 N. Y. 523.

Finding no error in the record, the judgment of the circuit court is affirmed.

*By the Court.*— Judgment affirmed.