Mateskey vs. Feldman.

---

MATESKEY, Respondent, vs. FELDMAN, imp., Appellant.

*October 21 — November 5, 1889.*

*Vendor and purchaser of land: Fraud: Possession as constructive notice of equities.*

Prior to his discovery of the fraud by which a conveyance of land had been induced, the grantor continued in possession of the land under an agreement with the grantee. *Held,* that such possession was not constructive notice of his equity arising out of the fraud to one claiming under a mortgage from the grantee.

APPEAL from the Circuit Court for *Portage* County.

Action to set aside and cancel, on the ground of fraud, a conveyance of land executed by the plaintiff to the defendant Robert Feldman, and also a mortgage executed by the defendants Robert Feldman and Betsy Feldman, his wife, to the defendant *Samuel Feldman.* The facts are stated

in the opinion. *Samuel Feldman* appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Lamoreux & Park,* and oral argument by *B. B. Park.* In addition to cases referred to in the opinion, they cited *Ely v. Wilcox,* 20 Wis. 524; *Williamson v. Brown,* 15 N. Y. 354; *Losey v. Simpson,* 11 N. J. Eq. 246; *Wickes v. Lake,* 25 Wis. 71; *Le Neve v. Le Neve,* 2 Lead. Cas. in Eq. 109, note on page 280 (4th Am. ed.); 1 Story's Eq. Jur. sec. 410*a;* 2 Sugden on Vend. ch. 21, sec. 1 (8th Am. ed. p. 543, and note *a*).

For the respondent there was a brief by *Cate, Jones & Sanborn,* and oral argument by *D. Lloyd Jones.* They cited *Buck v. Holloway's Devisees,* 2 J. J. Marsh. 180; *Wickes v. Lake,* 25 Wis. 71; *Bergeron v. Richardutt,* 55 id. 129; *McClellan v. Scott,* 24 id. 81; *Kluender v. Fenske,* 53 id. 118; *Brinkman v. Jones,* 44 id. 519; *Metropolitan Bank v. Godfrey,* 23 Ill. 579; *Pell v. McElroy,* 36 Cal. 268; 2 White & Tudor's Lead. Cas. in Eq., part 1, p. 185; Bump on Fraud. Conv. 31.

ORTON, J. The facts of this case are substantially as follows: The respondent and one Robert Feldman made a trade of lands on the 20th day of December, 1886, and Feldman was also to convey to the respondent certain personal property  The deeds were made, and the personal property delivered, on that day.  It is charged that the defendant Robert Feldman falsely and fraudulently represented that the lands so conveyed by him were free from incumbrance, and that he (the plaintiff) first learned that said representations were false about the 1st day of February, 1887. The plaintiff tendered back his title for the land he obtained, and surrendered the personal property, and prayed for a cancellation of said sale, and such was the judgment against the defendant Robert Feldman. But the defendant Robert Feldman mortgaged the lands he so ob-

tained from the plaintiff to his son *Samuel Feldman*, on the 15th day of January, 1887, to secure certain money he owed to said *Samuel Feldman;* and this mortgage was also canceled and set aside as fraudulent, on the ground that *Samuel Feldman* knew, or was presumed to know, of the fraud by which Robert Feldman obtained the lands from the plaintiff, when he took said mortgage. *Samuel Feldman* is the sole appellant. By an agreement between the plaintiff and Robert Feldman, he (the plaintiff) was to continue to occupy the lands he had deeded until the following spring, and when the said mortgage to *Samuel Feldman* was executed the plaintiff was in possession of the premises under and by virtue of said agreement alone.

There was no evidence whatever that the defendant *Samuel Feldman* had any knowledge of the fraud, and the only principle or ground upon which he was charged with notice of the fraud was the constructive notice of it by the possession of the plaintiff under that agreement. It is very clear that the plaintiff did not hold the possession on account of fraud in the sale, or by any right growing out of it; for, according to his complaint, he did not know of the fraud until the 1st day of February, 1887, when the mortgage was given on the 15th day of January before. The question is therefore one of law purely. Was the plaintiff's possession at the date of the mortgage constructive notice to *Samuel Feldman* of the fraud in the sale or exchange of the lands, so as to render his mortgage void?

The legal significance of constructive notice by possession is acknowledged by the learned counsel of the respondent to be such "as would put a prudent man on inquiry which, if prosecuted with ordinary diligence, would lead to actual notice of the right or title in conflict with which he was about to purchase." This is a correct statement of the principle of constructive notice by an adverse possession. It is notice of every right by which the possession is held.

It is supposed that the person in possession may be asked to disclose the right or title by which he holds possession. The authorities support this view of the question. The purchaser will be charged with the actual notice he would have received if he had made the inquiry. *Brinkman v. Jones*, 44 Wis. 519. Such are the authorities cited by the learned counsel on both sides, and there can be no question but that this is the reason of the rule of constructive notice by possession.

What did the possession of the respondent signify at the time the mortgage was given? He held the possession only by that agreement, and, if he had been applied to by the appellant to know by what right he held, he would then have referred to that agreement as his only right by which he held. He was then satisfied with the trade, and had not learned of the fraud. How can the appellant be charged with a constructive knowledge of the fraud by the possession of the respondent, when the respondent himself, at the time, had no knowledge of it? To test the question by further illustration, suppose, when the mortgage was executed, the plaintiff was in possession as a tenant until the next spring by that agreement, and had no other right, and knew of no other, and a month afterwards Robert Feldman had deeded back the lands to the plaintiff, would that deed have rendered the mortgage void merely by notice of it by the plaintiff's possession, which at the time was held only under that agreement? The discovery of the fraud a month afterwards could have had no greater effect than the deed. *Denton v. White*, 26 Wis. 679; *Hennessey v. Andrews*, 6 Cush. 170; *Newhall v. Pierce*, 5 Pick. 450; *Kunkle v. Wolfersberger*, 6 Watts. 126; *Crassen v. Swoveland*, 22 Ind. 436; 2 Washb. Real Prop. 61; and other cases,— are cited in the brief of the appellant's counsel. According to the rule of these and many other cases, we are compelled to hold that the appellant had no notice whatever of the

fraud for which the sale was set aside, either actual or constructive, when he received the mortgage.

The court clearly erred when it held the mortgage void for any reason.

*By the Court.*— The judgment, so far as it cancels and annuls the mortgage executed by the defendants Robert Feldman and Betsy Feldman, his wife, to the defendant *Samuel Feldman*, bearing date January 15, 1887, and the record thereof, is *reversed*, and the cause remanded with directions to add to the judgment that vests the title of said lands in the plaintiff free and clear from all incumbrances as the same was at the time of the execution of said deed by said plaintiff to the defendant Robert Feldman, the following exception, viz.: "Except the mortgage executed by the defendants Robert Feldman and Betsy Feldman, his wife, to the defendant *Samuel Feldman*, dated January 15, 1887."