PIPPIN, Respondent, vs. RICHARDS, imp., Appellant.

*March 16—April 5, 1911.*

*Equity: Adequate remedy at law: Waiver of objection: Vendor and purchaser of land: Fraud: Continued possession of grantor: Constructive notice: Bona fide purchaser.*

1. An objection to a complaint in equity on the ground that defendant has an adequate remedy at law is waived if not taken by demurrer or answer.

2. Continued possession of land by the grantor, after a conveyance thereof procured by fraud, is constructive notice to a purchaser from the fraudulent grantee of the equities of the grantor which reasonable inquiry would have disclosed, even though said grantor did not know of the fraud at the time of the conveyance by his grantee to such purchaser.

3. In order to be protected as a *bona fide* purchaser, one must purchase in the honest belief that his vendor has a right to sell, and without notice, actual or constructive, of any interest or equities of others in the property.

APPEAL from a judgment of the circuit court for Rusk county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This action was brought to cancel a deed from plaintiff to defendant Boyer for fraud and want of consideration, also to cancel a deed from defendant Boyer to defendant *Alice M. Richards* on the ground that said *Alice M. Richards* had notice of the fraud and equities existing between the plaintiff and Boyer.

The complaint sets up that the plaintiff on August 31, 1907, was the owner of 120 acres of land in Rusk county, Wisconsin, of the value of $1,800, which land was incumbered by a mortgage of $800; that on said day defendant Boyer agreed to exchange therefor forty acres of land in Barry county, Missouri, which land Boyer represented as situate three miles south of Cassville, Missouri, slightly rolling, that ten acres thereof were timbered and the remainder part of an old ranch fit for cultivation and worth $1,000, while in truth

and in fact said land was situate eight miles from Cassville, was rough and covered with brush, and not capable of being cultivated; that, relying upon such representations, plaintiff entered into a contract in writing with defendant Boyer to exchange the Rusk county land for Boyer's forty acres in Missouri, which Boyer agreed to convey to plaintiff by warranty deed in sixty days; that, relying upon the representations of defendant Boyer, plaintiff on August 31, 1907, executed and delivered to defendant Boyer a deed of his land in Rusk county, subject to the mortgage; that on the 28th day of September, 1907, said deed was duly recorded in the office of the register of deeds for Rusk county, Wisconsin; that the plaintiff did not discover the fraud until April, 1908; that defendant Boyer prior to April, 1908, neglected and refused to transfer to the plaintiff the Missouri land, and refused to comply with the terms of his contract within sixty days as agreed, or at any time; that defendant Boyer never owned the Missouri land or any interest therein; that after the expiration of the sixty days and at other times plaintiff demanded a reconveyance to him of his land in Rusk county; that plaintiff remained in the open and notorious possession of said land in Rusk county at all times since August 31, 1907; that on October 7, 1907, defendant Boyer conveyed said land in Rusk county to defendant *Alice M. Richards,* and on the 15th day of October, 1907, said deed to *Alice M. Richards* was recorded in the office of the register of deeds for Rusk county; that *Alice M. Richards* had knowledge and information of the fraudulent representations upon which the conveyance of plaintiff to defendant Boyer of the Rusk county land was procured, and of the fact that defendant Boyer never owned or had any interest in the Missouri land, and of the fact that plaintiff never relinquished possession of the land in Rusk county. The complaint demands judgment against the defendants that the deed to Boyer be adjudged to have been obtained from plaintiff by fraud, and that it be canceled and the

title to said land be adjudged in plaintiff, and that the deed from Boyer to defendant *Alice M. Richards* be adjudged void as against the plaintiff and canceled, and for general relief.

The answers admit the ownership of the Rusk county land by plaintiff and the conveyance of the same to the defendant Boyer subject to the mortgage; also the conveyance from Boyer to *Alice M. Richards* and the recording of both deeds, and deny all other allegations of the complaint; and further set up the conveyance in good faith for value to defendant *Alice M. Richards.*

On the trial the complaint was amended by setting up the insolvency of the defendant Boyer. The court found that on or about August 31, 1907, plaintiff was the owner of the land described in the complaint, and that on the above named day plaintiff sold said land to defendant Boyer and made, executed, and delivered to said Boyer a warranty deed thereof; that said sale of said land was made and said deed executed and delivered to Boyer without any consideration whatever and upon false and fraudulent representations made by said Boyer to and relied upon by plaintiff; that on the 7th day of October, 1907, said Boyer by deed conveyed said land to the defendant *Richards,* which deed was recorded October 15, 1907; that at all times subsequent to August 31, 1907, and up to and including the dates of the execution and recording of said deed to *Richards* and subsequent thereto, plaintiff was in open and notorious possession of said premises and an actual resident thereon; that defendant Boyer was insolvent at the time he conveyed to the defendant *Richards;* that the defendant *Richards* had knowledge of the insolvency of defendant Boyer; that the defendant *Richards* knew, or upon inquiry might have known, the circumstances surrounding the conveyance of said premises by plaintiff to Boyer and the fraudulent nature thereof, and was in possession of such facts, at the time of the execution of the deed to her, as placed her upon her inquiry, which if prosecuted with ordinary diligence

would have led her to discover the fraud of her grantor in obtaining his title.

The court concluded that the deed from the plaintiff to defendant Boyer, and the deed from defendant Boyer to defendant *Richards,* were each void and should be set aside, and that plaintiff should have his costs herein against the defendant *Richards.* Judgment was entered accordingly in favor of the plaintiff, from which this appeal was taken.

For the appellant there was a brief by *Clarence C. Coe & Arthur E. Coe,* and oral argument by *Clarence C. Coe.* They cited *Mateskey v. Feldman,* 75 Wis. 103; *Cornell v. Maltby,* 165 N. Y. 557; *Crooks v. Jenkins,* 124 Iowa, 317, 104 Am. St. Rep. 326, 329; *Sprague v. White,* 73 Iowa, 670, 35 N. W. 751; *Koon v. Tramel,* 71 Iowa, 132, 32 N. W. 243; *McCleery v. Wakefield,* 76 Iowa, 529, 2 L. R. A. 529; *Brinkman v. Jones,* 44 Wis. 498, 519; *Schwallback v. C., M. & St. P. R. Co.* 69 Wis. 292; *S. C.* 73 Wis. 137.

For the respondent there was a brief by *Thomas & Carow,* and oral argument by *J. W. Carow.*

KERWIN, J. The appellant attacks the sufficiency of the complaint on the ground that it appears therefrom that plaintiff had an adequate remedy at law. And further, appellant contends on the merits that the findings are not supported by the evidence, and that the court erred as matter of law in finding that plaintiff was entitled to judgment.

1. The objection to the complaint cannot avail the appellant, even if it be conceded that the complaint failed to state a good cause of action in equity, for the reason that objection thereto on that ground was not seasonably made. An objection to the complaint on the ground that the plaintiff has an adequate remedy at law must be made by demurrer or answer or it is waived. *Midlothian I. M. Co. v. Dahlby,* 108 Wis. 195, 84 N. W. 152; *Bigelow v. Washburn,* 98 Wis. 553, 74 N. W. 362; *Meyer v. Garthwaite,* 92 Wis. 571, 66 N. W. 704;

*Sweetser v. Silber,* 87 Wis. 102, 58 N. W. 239; *Sherry v. Smith,* 72 Wis. 339, 39 N. W. 556.   In the case before us no objection was made to the complaint by demurrer or answer, or even by objection to evidence under the complaint, therefore it becomes unnecessary to consider whether upon the face of the complaint it appeared that the plaintiff had an adequate remedy at law.

2. We think the findings are supported by the evidence and shall spend no time in discussing the errors assigned under that head.   The representations upon which plaintiff relied and conveyed his land to defendant Boyer being false and fraudulently made and the consideration for the conveyance to Boyer having failed, the plaintiff was entitled to rescind. Moreover, the insolvency of Boyer left plaintiff without any other remedy.   The serious question in the case is whether the possession by plaintiff, after his conveyance to Boyer, was sufficient to charge *Richards* with notice of the plaintiff's rights under his contract with Boyer.   It is insisted by appellant that the possession by plaintiff was no notice to defendant *Richards,* because the deed from plaintiff to Boyer was a warranty deed; and moreover, that, plaintiff not having discovered the fraud at the time of execution and delivery of the deed to Richards, plaintiff's possession could only be notice of what he knew at the time Boyer deeded to *Richards,* and that the proof shows that plaintiff was to remain on the premises only until notified to move therefrom.   But it will be remembered that the sole consideration for the Rusk county land was the conveyance of the Missouri land, of the character represented, within sixty days, and the agreement to convey was in writing, so all the equities of the plaintiff under the agreement could have been discovered by mere inquiry of plaintiff as to the extent of his rights.   The plaintiff being in possession of the land when defendant *Richards* purchased, she was chargeable with such notice as reasonable inquiry would have disclosed.   This is the rule of constructive notice by possession

of land as laid down by this court. *Brinkman v. Jones*, 44 Wis. 498, 519. The theory of the law is that the person in possession may be asked to disclose the right or title which he has in the premises, and the purchaser will be chargeable with the actual notice he would have received had he made inquiry. *Mateskey v. Feldman*, 75 Wis. 103, 43 N. W. 733; *Brinkman v. Jones, supra.* In *Frame v. Frame*, 32 W. Va. 463, 478, the court said:

"The earth has been described as that universal manuscript, open to the eyes of all. When therefore a man proposes to buy or deal with realty, his first duty is to read this public manuscript, that is, to look and see who is there upon it, and what are his rights there. And, if the person in possession has an equitable title to it, he is as much bound to respect it, as if it was a perfect legal title evidenced by a deed duly recorded."

But it is argued by appellant that, since plaintiff did not know of the fraud when deed was made to *Richards,* the facts in respect thereto could not by inquiry have been discovered. Plaintiff, however, would be bound at his peril to disclose the facts covered by the contract between himself and Boyer and that the contract on the part of Boyer had not been performed. This would have been sufficient to charge *Richards* with knowledge of plaintiff's equities in the land deeded to Boyer. Moreover, the court below found upon sufficient evidence that, at the time the deed was made to *Richards* by Boyer he (Boyer) was insolvent, and that *Richards* was chargeable with knowledge of such insolvency. *Rindskopf v. Myers,* 87 Wis. 80, 57 N. W. 967. In order to be protected as a *bona fide* purchaser one must purchase in the honest belief that his vendor had a right to sell, and without notice, actual or constructive, of any interest or equities of others in the property. 5 Cyc. 719 and cases cited. The doctrine is well settled in this state that actual possession of land is constructive notice to subsequent purchasers. *Stewart v. McSweeney,* 14 Wis. 468; *Fery v. Pfeiffer,* 18 Wis. 510; *Coe v. Manseau,* 62 Wis.

81, 22 N. W. 155; *Simanek v. Nemetz*, 120 Wis. 42, 97 N.. W. 508; *Wickes v. Lake*, 25 Wis. 71.

It is plain from the terms of the contract between plaintiff and Boyer that Boyer was entitled to the land only on condition that within sixty days he deeded to plaintiff the land in. Missouri and that said Missouri land was in accordance with the representations. It appears from the evidence that the land never was deeded to plaintiff, and that in fact Boyer had no title to it and procured none, and that it was represented to be worth $25 an acre when in fact it was worth only $3. The sole consideration for the land deeded to Boyer by plaintiff being the Missouri land and that consideration not having been paid at the time Boyer deeded to defendant *Richards,* which facts could have been ascertained upon inquiry of plaintiff, defendant *Richards* was charged with constructive notice of plaintiff's equities in the premises.

Point is made by counsel for respondent that *Richards* did not give full value for the *Pippin* land, but we do not find it necessary to consider this question, since we are convinced that *Richards* was charged with constructive notice of plaintiff's equities, therefore purchased subject to his rights.

It follows that the judgment of the court below is right and must be affirmed. We find no reversible error in the record.

*By the Court.*—The judgment of the court below is af-firmed.