Olmsted, Appellant, vs. McCrory and others, Respondents.

*September 17—October 6, 1914.*

*Vendor and purchaser of land: Quitclaim deed: Recording acts: Subsequent purchaser: Deed first recorded: Possession as constructive notice of equities: Burden of proof.*

1. Under sec. 2207, Stats., a quitclaim deed has the force and effect of a deed of bargain and sale, and it entitles the grantee, statutory requisites existing, to protection under the recording act.
2. The possession of land is notice of the title or interest of the possessor and of those under whom the possessor claims.
3. Where the deed of an earlier purchaser of land was last recorded, the burden is upon him to show that one claiming under a later but first recorded deed was not an innocent purchaser.
4. Although plaintiff in ejectment, claiming under a deed given before but recorded after a deed by the same grantor to defendant, shows that the land was in possession of a third person at the time defendant purchased, if he fails to connect that possession with the prior deed, then unrecorded, or to show that the occupant or possessor knew of such deed, he does not lift the burden of proof or show constructive notice to defendant of the rights claimed under such unrecorded deed.

Appeal from a judgment of the circuit court for Fond du Lac county: Chester A. Fowler, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Swett & Keck,* and oral argument by *H. E. Swett.*

For the respondents there was a brief by *Duffy, McCrory & Duffy,* and oral argument by *F. R. Duffy.*

Timlin, J.  In this action of ejectment tried before the court without a jury both parties claimed title to "the west 16½ acres off from the east 30 acres of the northeast quarter of the northeast quarter of section 33, township 15 north, of range 18 east," under Ella Maxfield, born Mayhew, who held the record title.  Having such title on April 7, 1885,

she conveyed by deed to Arthur F. Olmsted, who did not record this deed until February 25, 1904. The latter grantee conveyed to the plaintiff, his wife, on January 8, 1913, by deed recorded the same day. On May 24, 1902, Ella Maxfield, by a quitclaim deed, for a valuable consideration conveyed the land in controversy with other land to *John McCrory.* This deed was recorded May 26, 1902. On May 4, 1912, *John McCrory* conveyed to defendants by deed recorded May 6, 1912. From a time anterior to the inception of the Olmsted title and during all the after time mentioned, Betsy Mayhew, the mother of Ella Maxfield, was in possession of the land in question, together with seventy acres of adjoining land of which she had a life lease. Some evidence was offered tending to show that she might have had a life lease of the tract in question from Ella and that the purchaser from Ella was so informed, and that he bought only the reversion or interest of Ella. *J. H. McCrory* knew that Mrs. Mayhew was in possession and he made no inquiry of any kind of her. Mrs. Mayhew has since died and by her will devised this land in question to the plaintiff. The plaintiff's claim is, however, under a deed from Arthur F. Olmsted, and there is nothing except her possession to show that Mrs. Mayhew had any title to the land in question, and there is nothing except the statement of Ella to *J. H. McCrory,* made at or about the time of the sale to him, to show that Mrs. Mayhew's possession of the land in question was under a life lease from Ella.

The judgment of the circuit court settles all controverted questions of fact fairly supported by evidence in favor of the defendants. Under our statute, sec. 2207, a quitclaim deed has the force and effect of a deed of bargain and sale, and it entitles the grantee, statutory requisites existing, to protection under the recording act. *Cutler v. James,* 64 Wis. 173, 24 N. W. 874. So we pass the question raised by inference from the amount paid, because that amount was

not grossly disproportionate to the value, and the question whether *J. H. McCrory* can have any advantage from the fact that he was informed by his vendor, the holder of the apparent legal title, that Mrs. Mayhew was occupying as her tenant, and come to the only seriously debatable question in the case and that upon which the decision of the court below mainly turns.

It is claimed *J. H. McCrory* was chargeable with notice of the outstanding unrecorded title in Mr. Olmsted, the plaintiff's grantor, because Mrs. Mayhew, mother of his vendor and mother-in-law of Mr. Olmsted, was then in possession of the land. Certain *dicta* in *Pippin v. Richards,* 146 Wis. 69, 130 N. W. 872; *Wickes v. Lake,* 25 Wis. 71; *Mateskey v. Feldman,* 75 Wis. 103, 43 N. W. 733; *Rindskopf v. Myers,* 87 Wis. 80, 57 N. W. 967; and *Schwalbach v. C., M. & St. P. R. Co.* 73 Wis. 137, 40 N. W. 579, are brought to our attention and relied upon. There is, however, no evidence that Mrs. Mayhew, who was in possession, was holding under, or that her possession was in any way connected with, the unrecorded deed of Mr. Olmsted, nor is there any evidence that she knew of this outstanding unrecorded title. It is contended that her possession must be presumed to have been under the elder but unrecorded title instead of under the recorded and apparent legal title, hence it must be presumed that inquiry by *J. H. McCrory* of Mrs. Mayhew would have disclosed the title of Mr. Olmsted. There is no doubt that possession of land is notice of the title or interest of the possessor and of those under whom the possessor claims.

In *Cutler v. James,* 64 Wis. 173, 24 N. W. 874, it was held that where it was shown that the defendant purchased for a valuable consideration and had his deed on record first, and where there was no direct evidence that he did not know or did not have information of the existence of the unrecorded deed, but all inferences from the facts and circumstances in

proof were to the negative effect, the burden of proof under such circumstances was upon the *plaintiff* to show that the defendant had such knowledge or information.   This is not a very clear or satisfactory statement.   It purports to follow *Lampe v. Kennedy,* 56 Wis. 249, 14 N. W. 43, where the rule is quite clearly laid down that the burden of proof is upon the *defendant,* claiming under an unrecorded prior deed, to break down plaintiff's recorded title resting on a valuable consideration by showing that plaintiff was chargeable with notice of the unrecorded deed.   Again, in the opinion of Dixon, C. J., upon rehearing in *Hoyt v. Jones,* 31 Wis. 389, this question is covered in the usual masterly style of that jurist, and *Lampe v. Kennedy, supra,* and *Hoyt v. Jones, supra,* each cites and follows *Wood v. Chapin,* 13 N. Y. 509.   The Wisconsin statute, sec. 2241, and decisions of this court resting thereon, were considered by the United States circuit court of appeals for the Seventh circuit in *Gratz v. Land & River Imp. Co.* 82 Fed. 381, and the conclusion reached that the burden of proving that the party claiming under the first recorded deed was not an innocent purchaser rests upon the earlier purchaser whose deed was last recorded.   We now have for determination whether a party claiming under an unrecorded deed, having shown possession by a third person without connecting that possession in any way with the unrecorded deed and without showing that such occupant or possessor knew anything about the unrecorded deed, has lifted the burden of proof and made out a case of constructive notice by reason of such possession. If to the purchaser possession is notice of the equities of the possessor and of those of the person under whom possession is taken or held, that must be because the purchaser is chargeable with the duty of inquiry and with all the knowledge he could have obtained by inquiry of the occupant.   When it is not shown by him upon whom the burden of proof rests that the possessor held under or knew anything about the unre-

corded deed, as in this case, how can we say that the purchaser would have learned of such deed by inquiry of the occupant? This seems to be the ground of the decision in *First Nat. Bank v. Chafee,* 98 Wis. 42, 73 N. W. 318, where possession by a vendee under a land contract was held to impart to a mortgagee of the vendor no notice of the equities of one to whom the vendor had transferred the purchase-money notes, the vendee knowing nothing of such transfer. A similar ruling was made in *Cornell v. Maltby,* 165 N. Y. 557, 59 N. E. 291. When the burden of proof to establish any state or condition rests upon any party and no evidence is offered to establish that state or condition, the case stands, as to the claim of the party upon whom this burden rests, as if such state or condition did not exist. There is no controlling reason why the possession of such third person should be presumed to have been under the unrecorded rather than under the recorded title, where it might be rightful under either, and to indulge in the presumption that such possession was under the unrecorded title would be to shift, contrary to the cases cited, the burden of proof from the person claiming under the unrecorded title, and place it upon the purchaser for a valuable consideration whose deed was first duly recorded. This harmonizes with *Roll v. Rea,* 50 N. J. Law, 264, 12 Atl. 905, from which we quote: "Notice by possession never extends beyond the rights of the occupant and of those under whom he claims to hold." See, also, *Calanchini v. Branstelter,* 96 Cal. 612, 31 Pac. 575; *Robertson v. Wheeler,* 162 Ill. 566, 44 N. E. 870; *Meyer v. Miller* (Tex. Civ. App.) 23 S. W. 993; *McCleery v. Wakefield,* 76 Iowa, 529, 41 N. W. 210; *Smith v. Fuller,* 152 N. C. 7, 67 S. E. 48.

. It follows that actual notice and knowledge having been negatived by the judgment, which on this point has support in the evidence, and the plaintiff, upon whom the burden of proof rested, having failed to show any connection between

the occupancy of the person in possession and the unrecorded deed under which such plaintiff claims, and having failed to show that the occupant had any knowledge of the existence of such unrecorded deed, there was by such occupancy no constructive notice of the rights claimed under such unrecorded deed, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.